Paul MYERS and Arleen
Myers, Appellants,

v.

SNOW WHITE CLEANERS AND LINEN
SUPPLY, INC., William B. Woodland,
Jack L. Woodland, Jack White Compa-
ny, Jim Doss, G & P Services, Inc., and
Wilburn L. Privett, Appellees.

No. S–2488.

Supreme Court of Alaska.

March 10, 1989.

James T. Brennan, Hedland, Fleischer, Friedman, Brennan & Cooke, Anchorage, for appellants.

Susan M. West and Robert Baker, Robertson, Monagle & Eastaugh, Anchorage, for Jack White Co. and Jim Doss, appellees.

Michael C. Geraghty, Staley, DeLisio, Cook & Sherry, Inc., Anchorage, for G & P Services, Inc. and Wilburn L. Privett, appellees.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

OPINION

MOORE, Justice.

This appeal arises from the trial court's award of attorney's fees under Rule 82, Alaska Rules of Civil Procedure, to two parties in a multiparty suit. Paul and Arlene Myers (the Myers), raise three issues on appeal. First, whether the trial court abused its discretion by awarding them, as prevailing plaintiffs, $4,843.50, only 50% of the Rule 82 figure for attorney's fees, because they could have "obtained virtually the identical [trial] result by accepting defendants' pretrial offer." Second, whether the trial court erred in awarding defen-

dants G & P Services and Wilburn L. Privett, who received a directed verdict against the Myers, $10,000 (20% of their actual attorney's fees) and $3,425 in costs. Third, whether it was manifestly unreasonable for the trial court to award defendants G & P and Privett attorney's fees which exceeded the attorney's fees awarded to the Myers as prevailing parties against the other remaining defendants. For the reasons set forth below, we reverse the trial court's award of attorney's fees to the Myers which reduced by 50 percent the amount normally awarded under the fee schedule in Civil Rule 82. We remand for reconsideration of the award of attorney's fees and costs to the defendants G & P and Privett consistent with the opinion.

## I.

In 1982, the Myers purchased a commercial building in Eagle River from Quality Cleaners and Linen Supply Inc. for $350,-000. Quality Cleaners later changed its name to Snow White Cleaners and Linen Supply. The Myers had been shown the property by an agent of realtor Jack White Company, and had reviewed a Jack White "flyer" representing the building to contain 14,640 square feet. The Myers also reviewed a 1976 "Letter of Opinion" produced by appraisers G & P Services, Inc. which indicated that the building had 14,640 square feet. When the Myers attempted to sell the property in 1984, they discovered that the building contained only 11,131 square feet, 3,509 square feet less than had been represented to them two years earlier.

The Myers subsequently filed suit against the sellers (Snow White Cleaners and Linen Supply, Inc. and its principals, William B. Woodland and Jack L. Woodland, hereinafter "Snow White"), the realtors (Jack White Company and its agent, Jim Doss, hereinafter "Jack White") and the real estate appraisers (G & P Services, Inc. and Wilburn L. Privett, hereinafter "G & P") who had prepared the erroneous

letter of opinion. The Myers sought $300,-000 in damages.

Snow White filed a cross-claim against G & P, seeking an award of indemnity for any damages that might be awarded against Snow White in favor of the Myers. Before trial, all the defendants sought to dismiss their pending cross-claims against each other so as to avoid presenting them at trial with the Myers' claims. After the court refused to allow dismissal without prejudice, defendants agreed to dismiss their cross-claims with prejudice. At the same time, defendant G & P filed an untimely motion for summary judgment seeking to dismiss the Myers' direct claims against it. The court accepted the motion as one for a directed verdict.

On the eve of trial, the defendants presented a joint settlement offer of $72,-500 [1] to the Myers, who refused to accept less than $90,000.

After the Myers had presented their case to the jury, the court granted G & P's motion for a directed verdict. After a nine-day trial, the jury rendered a verdict of $46,143.35 against the Snow White and Jack White defendants, all on the grounds of negligent or innocent misrepresentation. After calculating prejudgment interest, costs and attorney's fees, the court entered a total judgment of $82,159.99 in favor of the Myers.

The Myers, as the prevailing party against Snow White and Jack White, moved for attorney's fees pursuant to Civil Rule 82. Judge Ripley awarded the Myers $4,843.50 in attorney's fees, stating that:

> [Plaintiff] is prevailing party as to the named defendants, but only because the Offer of Judgment was defective per Rule 68. The Court awards fees computed at 50% of Rule 82 computation. This for the reason that [plaintiffs] could have obtained virtually the identical result by accepting defendants' pretrial offer.

G & P also moved for attorney's fees, having prevailed against the Myers on the directed verdict. Judge Ripley awarded G

---

**1.** $25,000 was to be in the form of a promissory note from either Snow White Cleaners or the individual Woodlands.

& P $10,000 in attorney's fees, or 20% of their actual fees. The clerk of court then awarded G & P $3,425.67 in costs. The Myers appeal the award of attorney's fees and costs to G & P.

## II. PLAINTIFFS' AWARD OF ATTORNEY'S FEES

The Myers argue that Civil Rule 82 does not allow the use of "informal settlement offers as a basis for departure from the basic standard of the Rule, which is to provide partial compensation to a prevailing party." Instead, the Myers argue that Civil Rule 68, relating to offers of judgment; provides the appropriate basis for consideration of settlement offers in assessing attorney's fees against non-settling parties. We agree.

Under Civil Rule 82(a)(1), an award of attorney's fees to the prevailing party is committed to the broad discretion of the trial court and will be set aside only if manifestly unreasonable. *Haskins v. Shelden,* 558 P.2d 487, 495–96 (Alaska 1976); *Alaska Placer Co. v. Lee,* 553 P.2d 54, 63 (Alaska 1976). We have noted, however, that this discretion is not without limits:

> Although the trial court's discretion under Rule 82 is broad enough to warrant denial of attorney's fees altogether, denial of a proper motion for attorney's fees by the prevailing party may not result from improper motive.

*Haskins,* 558 P.2d at 495–96. As we noted in *Adoption of V.M.C.,* 528 P.2d 788, 795 (Alaska 1974):

> It has been consistently recognized by this court that the fundamental purpose of Civil Rule 82 in providing for the award of attorney's fees is
>
> ... to partially compensate a prevailing party for the costs to which he has been put in the litigation.... The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified.

Personal differences and the complexity of disputed issues frequently frustrate even the most sincere efforts at achieving a pre-trial settlement. A trial must take place when the parties have an honest difference of opinion regarding whose evaluations of the disputed issues are reasonable and appropriate under all the facts and circumstances of the case. This is understandable. We know from experience that any two jury panels, even though they hear the same evidence, the same arguments of counsel, and the same jury instructions, can reach directly opposite results. Suffice it to say that no party has a crystal ball. No party can accurately predict whether or not the jury will award damages higher than or lower than a party's final offer of settlement submitted before the trial begins.

■ Civil Rule 68 controls whether a trial court can penalize a party for its refusal to settle prior to trial when the jury verdict awards an amount of money virtually identical to the pre-trial offer. Here, the trial court found the offer of judgment defective under Civil Rule 68. In our view, Civil Rule 68 expresses the exclusive way by which settlement offers can be taken into account in determining costs and attorney's fees for the reasons that follow.

Settlement offers come in a wide variety of forms, and their meaning as well as their worth is by no means always easy to evaluate.[2] This case is an example. The defendants made an offer of judgment just before trial of $72,500. However, $25,000 of this was to be paid by way of an unsecured promissory note of unspecified terms, payable by two of the defendants who had previously been represented as being on the brink of bankruptcy. The value of such a note is obviously uncertain and would require additional litigation to determine, if it could be determined at all.

■ One of the protections afforded by the Civil Rule 68 procedure is that the offer of judgment must be definite. *Davis v.*

---

**2.** See *Continental Ins. Co. v. Bayless & Roberts, Inc,* 608 P.2d 281, 285 n. 5 (Alaska 1980) (during trial recess counsel, without comment, dropped

a piece of paper on opposing counsel's table on which only the figure $160,000 was written).

*Chism,* 513 P.2d 475, 481 (Alaska 1973). This protection is designed to avoid post-trial litigation concerning the meaning of the offer. There are also other protections inherent in the Civil Rule 68 procedure which are lacking in ordinary settlement offers. One example is that a Civil Rule 68 offer is irrevocable for ten days, *Rules v. Sturn,* 661 P.2d 615 (Alaska 1983), thus ensuring that the offeree has adequate time for consideration of the offer. Further, the offer must be made more than ten days before the trial is to begin, ensuring that the offer is made before the offeree has made a final commitment to litigation with the expenses ordinarily thereby entailed. The absence of these protections in the context of an ordinary offer persuades us that no offers not in compliance with Civil Rule 68 should be considered in determining questions of costs and attorney's fees. Thus, the trial court erred when it used past settlement negotiations as a reason to justify a reduction in the amount of attorney's fees that it would have awarded.

## III. AWARD OF ATTORNEY'S FEES AND COSTS TO DEFENDANT G & P

The Myers argue that the court erred in awarding $10,000 in attorney's fees to G & P against the Myers because the "great bulk" of the fees incurred resulted from G & P's defense of cross-claims brought by other defendants.[3] G & P counters this argument contending that its fees and costs were incurred defending against Myers's direct claim. The evidence on this dispute was conflicting.

■ The trial court found that G & P was the prevailing party against the Myers because it had been granted a directed verdict at the close of the case. Thus, the trial court, in the exercise of its discretion, had the task of allocating the amount of the attorney fees and costs between the Myers' direct action and the cross-claims among the defendants. We conclude that the trial court's award of 20% of G & P's actual attorney's fees was a reasonable allocation between G & P's actual attorney fees and costs necessarily incurred defending against the Myers's direct claim, as opposed to fees spent defending against the cross-claims of the other defendants.

The Myers object to the court clerk's assessment of costs in favor of G & P. They argue that costs spent in connection with trial were unnecessary. Our review of the record indicates the trial court did not abuse its discretion by awarding these costs to G & P.

■ Finally, the Myers contend that the trial court abused its discretion in awarding G & P more in attorney's fees than the prevailing plaintiffs. The premise of this argument is mooted in view of our disposition herein. Each request for fees or costs to a prevailing party in a multiparty lawsuit should be considered objectively on its own merits. Civil Rule 82 does not require that the trial court compare the attorney fees awarded to each of the prevailing parties so as to provide for a particular net award of fees. We held in *Irving v. Bullock,* 549 P.2d 1184, 1189 (Alaska 1976) that where "the trial court applied radically different standards of partial compensation in awarding attorney's fees to the parties" such awards would be considered an abuse of discretion "absent findings or an explanation by the trial court supporting such disparate treatment." On remand the trial court should consider this in awarding attorney's fees to the Myers, and is authorized to adjust the award of fees to G & P if, in its discretion, doing so appears to be required in order to avoid the use of radically different standards.

The award of attorney's fees to the plaintiffs is REVERSED. This case is RE-

---

**3.** The Myers contend that they should not be left holding the bag for these fees because the defendants, in dismissing their cross-claims against one another, waived their rights to recover the fees incurred in defending against these cross-claims. The Myers cite *Wickwire v. State,* 725 P.2d 695 (Alaska 1986), for the proposition that "[w]hen a party seeks an award of fees relating to claims previously dismissed by stipulation, he is barred from recovery where the stipulation provided that each party would absorb its own costs and fees." *Wickwire* does not apply in this case since the Myers were not a party to the stipulations as to recovery of fees between the defendants.

MANDED for further proceedings consistent with this opinion, for an award of attorney's fees to the plaintiffs, and for reconsideration of the award of attorney's fees to G & P, if required.