**Robert DAY, Appellant,**

v.

**Jeffrey MOORE, Appellee.**

**No. S–2629.**

Supreme Court of Alaska.

March 24, 1989.

Patrick J. McKay, Anchorage, for appellant.

Charles W. Ray, Bradbury, Bliss & Riordan, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

This appeal arises from the award of attorney's fees in a suit involving Moore's claim for services rendered and Day's counterclaim for breach of contract. Following a trial by jury, judgment was entered in favor of Moore in the amount of $3,854.57. Moore was awarded attorney's fees in the amount of $12,560.37.[1]

## I. FACTUAL & PROCEDURAL BACKGROUND.

Appellant Robert Day is a commercial fisherman. Appellee Jeffrey Moore is a pilot in the business of spotting fish by airplane. The two parties had worked together on a regular basis for approximately five years. The dispute between the parties centers around the 1982 and 1984 fishing seasons.

---

**1.** The total judgment was entered in the amount of $19,231.96. The judgment reflected $3,854.57 in compensatory damages; $1,316.20 in prejudgment interest; $12,560.37 in attorney's fees and $1,500.82 in costs.

Day hired Moore for the purpose of spotting fish in both 1982 and 1984. Moore brought suit to collect $6,554.43 from Day for his services in those two years. Moore also sought an equal amount in penalty wages for the two years on the theory that Moore was an employee of Day.

Day answered that, although Moore was still owed money for the 1982 season, Day was not liable because he had not yet collected all of the monies payable for fish caught in that season. Day denied that he owed Moore any money for services performed in the 1984 season, and counterclaimed for damages in excess of $25,000.00 against Moore on the theory that Moore breached the contract by failing to provide spotting services. This counterclaim was based on Day's belief that he would have caught more fish if Moore had performed in a more competent fashion.

After four days of trial, the jury returned special verdicts in which it found that (1) Moore was not owed any money for the 1982 season; (2) Day owed Moore $3,854.57 for the 1984 season; and (3) Moore was not an employee of Day in 1982 or 1984. As indicated at the outset, Moore was awarded attorney's fees in the amount of $12,560.37. This appeal followed.

## II. DID THE SUPERIOR COURT ERR IN HOLDING THAT MOORE WAS THE "PREVAILING PARTY" PURSUANT TO CIVIL RULE 82?

Day contends that Moore presented four issues to the jury:

First, that he was entitled to recover a 1982 salmon seining season spotting fee. Second, that during the 1982 salmon seining season, he was an employee of Day and therefore entitled to a penalty for unpaid wages. Third, that he was entitled to the 1984 herring seining season spotting fee. Fourth, that during the 1984 herring seining season he was an employee of Day's and therefore entitled to a penalty for unpaid wages.

Day further contends that neither he nor Moore was the prevailing party because Moore prevailed on only one out of four issues.

■ We have articulated guidelines for determining the "prevailing party." For purposes of awarding fees pursuant to Civil Rule 82, the general rule is that the prevailing party is the one "who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and the judgment entered.' " *Adoption of V.M.C.*, 528 P.2d 788, 795 n. 14 (Alaska 1974) (citations omitted). The determination of who is the "prevailing" party is within the broad discretion of the trial court. *Id.* at 795.

■ Moore did not succeed in recovering any money for the 1982 season. Moore apparently was unsuccessful on the employee issue. However, a party does not have to prevail on all the issues in the case to be a "prevailing party." *Malvo v. J.C. Penney Co., Inc.*, 512 P.2d 575, 586 (Alaska 1973) (citing cases). One who defeats a claim of great potential liability may be the prevailing party even though the other side receives an affirmative recovery. *Cooper v. Carlson*, 511 P.2d 1305, 1309 (Alaska 1973) (citing *Owen Jones & Sons v. C.R. Lewis Co.*, 497 P.2d 312 (Alaska 1972)).

■ Our review of the record persuades us there was no abuse of discretion on the superior court's part in ruling that Moore was the "prevailing party." Moore successfully prosecuted his action for monies owed from the 1984 fishing season. Moore also defeated Day's counterclaim for damages. We will interfere with the trial court's exercise of discretion in determining which party prevailed only where it appears that the court's determination is manifestly unreasonable. *Adoption of V.M.C.*, 528 P.2d at 795. On this record it cannot be said that the superior court's determination that Moore was the prevailing party was manifestly unreasonable.

## III. DID THE SUPERIOR COURT ABUSE ITS DISCRETION IN AWARDING ATTORNEY'S FEES TO MOORE IN THE AMOUNT OF $12,560.37?

The superior court based its decision to award Moore $12,560.37 in attorney's fees on the following rationales:

B.  Departure from the schedule of fees set forth in Alaska R.Civ.P. 82(a) is warranted in this case for the reasons that defendant's counterclaim, although it exposed plaintiff to substantial damages in this case, was substantially without merit and bordered on the vexatious;

C.  Moreover, the court finds that defendant's settlement posture which necessitated trial of the captioned case was unwarranted and unreasonable, and that plaintiff's recovery is virtually identical to the offer to settle this litigation made by plaintiff during the course of trial.

In *Adoption of V.M.C.*, we noted that:

It has been consistently recognized by this Court that the fundamental purpose of Civil Rule 82 in providing for the award of attorney's fees is

... to partially compensate a prevailing party for the costs to which he has been put in the litigation.... *The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified.*[2]

528 P.2d at 795 (emphasis added).

Day argues that the superior court erred in departing from the attorney's fees schedule for contested cases contained in Civil Rule 82(a)(1).  In this regard Day contends that his settlement "posture" was not unreasonable, and that his counterclaim was neither meritless nor vexatious.

Our recent opinion in *Myers v. Snow White Cleaners and Linen Supply*, 770 P.2d 750, (Alaska 1989), controls the disposition of this issue.  There we concluded that the superior court erred where it used past settlement negotiations as a reason to justify a reduction in the amount of attorney's fees that it would have awarded.  In reaching this conclusion in *Myers* we said:

Personal differences and the complexity of disputed issues frequently frustrate even the most sincere efforts at achieving a pre-trial settlement.  A trial must take place when the parties have an honest difference of opinion regarding whose evaluations of the disputed issues are reasonable and appropriate under all the facts and circumstances of the case.  This is understandable.  We know from experience that any two jury panels, even though they hear the same evidence, the same argument of counsel, and the same jury instructions, can reach directly opposite results.  Suffice it to say that no party has a crystal ball.  No party can accurately predict whether or not the jury will award damages higher than or lower than a party's final offer of settlement submitted before the trial begins.

Civil Rule 68 controls whether a trial court can penalize a party for its refusal to settle prior to trial when the jury verdict awards an amount of money virtually identical to the pre-trial offer.  Here, the trial court found the offer of judgment defective under Civil Rule 68.  In our view, Civil Rule 68 expresses the exclusive way by which settlement offers can be taken into account in determining costs and attorney's fees for the reasons that follow.

Settlement offers come in a wide variety of forms, and their meaning as well as their worth is by no means always easy to evaluate.

. . . .

One of the protections afforded by the Civil Rule 68 procedure is that the offer of judgment must be definite.  *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973).  This protection is designed to avoid posttrial litigation concerning the meaning of the offer.  There are also other protections inherent in the Civil Rule 68 procedure which are lacking in ordinary settlement offers.  One example is that a Civil Rule 68 offer is irrevocable for ten days, *Rules v. Sturn*, 661 P.2d 615 (Alaska 1983), thus ensuring that the offeree has adequate time for consideration of the

---

**2.**  Of further relevance here is *Haskins v. Shelden*, 558 P.2d 487, 495–96 (Alaska 1976), where we stated:

Although the trial court's discretion under Rule 82 is broad enough to warrant denial of attorney's fees altogether, *denial of a proper motion for attorney's fees by the prevailing party may not result from improper motive.*  (Emphasis supplied.)

offer. Further, the offer must be made more than ten days before the trial is to begin, ensuring that the offer is made before the offeree has made a final commitment to litigation with the expenses ordinarily thereby entailed. The absence of these protections in the context of an ordinary offer persuades us that no offers not in compliance with Civil Rule 68 should be considered in determining questions of costs and attorney's fees. Thus, the trial court erred when it used past settlement negotiations as a reason to justify a reduction in the amount of attorney's fees that it would have awarded.

*Id.* at 752–753 (footnote omitted).

■ In light of *Myers* we hold that the superior court impermissibly considered Day's settlement posture in making its attorney's fee award determination under Civil Rule 82. Given this conclusion, the question of an appropriate award of attorney's fees must be remanded to the superior court for redetermination.[3]

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

---

3. In ordering a remand we do not intend to infer approval or disapproval of the amount of attorney's fees which were initially awarded. Inherent in our disposition is the conclusion that it is permissible for the trial court to depart from the fee schedule of Civil Rule 82(a)(1) where the reasons for the departure appear in the record, *Haskins v. Shelden,* 558 P.2d 487, ·496 (Alaska 1976), such as where a defense or claim borders on the frivolous. *Steenmeyer Corp. v. Mortenson–Neal,* 731 P.2d 1221, 1226 (Alaska 1987); *Crook v. Mortenson–Neal,* 727 P.2d 297, 306 (Alaska 1986).