**Jan VAN DORT, Auke Bay Company, Spaulding Beach Joint Venture, Miles Schlosberg, Appellants,**

v.

**Henry "Harry" CULLITON and Chris Culliton, Appellees.**

**No. S–3237.**

Supreme Court of Alaska.

Aug. 24, 1990.

Rehearing Denied Oct. 11, 1990.

---

Charles Hagans and Meredith A. Ahearn, Hagans, Brown, Gibbs & Moran, Anchorage, for appellants.

Fred J. Baxter, Chrystal Sommers Brand, Baxter & Marks, Juneau, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

The sole issue in this appeal is whether the trial court erred in awarding appellees 75% of their actual attorney's fees following appellees' acceptance of appellants' offer of judgment under Civil Rule 68. We reverse the award and remand for further findings in light of our decisions in *Day v. Moore*, 771 P.2d 436 (Alaska 1989) and *Myers v. Snow White Cleaners & Linen Supply*, 770 P.2d 750 (Alaska 1989).

### I

The Cullitons, owners of an allegedly defective condominium unit in the Spaulding Beach Condominium complex in Juneau, filed suit in February 1986 against developers Spaulding Beach Joint Venture, Jan Van Dort, Auke Bay Company and Miles Schlosberg (hereinafter collectively "Spaulding Beach"). Thereafter, Spaulding Beach filed a series of third-party complaints against various contractors and subcontractors, most of which have since been "settled for nuisance value or ... adjudicated against [Spaulding Beach]."

The litigation proceeded, and on November 30, 1987, Judge Jahnke issued, *sua sponte*, a "memorandum" aimed at apprising the parties of the court's concern over possible bad faith and "vexatiousness" in some of the filings in the action. The court noted:

In this case, there are filings that were clearly offered in good faith; there are also filings that are at least suspicious in their origins and motivations.

The court intends to spend the greater part of its time after the case is decided getting to the bottom of the good faith or vexatiousness with which this litigation has been pursued. The court will not hesitate to deny a substantial portion of attorney fees to a prevailing party who has acted vexatiously in the conduct of the litigation and to award 100% of reasonable claimed attorney fees to a prevailing party whose adversary has acted vexatiously.

The court may also refer the matter to the Alaska Bar Association for investigation and prosecution. *See* Canon 3(B)(3), Code of Judicial Conduct.

On March 4, 1988, Spaulding Beach made an offer of judgment, pursuant to Civil Rule 68, in the amount of $28,500 plus costs. The offer was accepted by the Cullitons, and judgment was entered. On March 24, 1988, the Cullitons moved for an award of attorney's fees pursuant to Civil Rule 82. They specifically requested that the court grant an evidentiary hearing on the question whether Spaulding Beach "acted in bad faith, or with vexatious intent, during the litigative process," thus justifying an award of full attorney's fees.

The court granted the Cullitons' motion, and held a hearing on the attorney's fees issue on November 4, 1988. Thereafter, the court issued a Memorandum Decision and Order awarding the Cullitons' $31,669.35 for their attorney's fees. This amount represented 75% of the $42,225.80 in attorney's fees actually incurred by the Cullitons.

In support of its decision, the trial court explicitly found that Spaulding Beach had been "vexatious" in its handling of the litigation. While observing that the Cullitons were "not immune from criticism" for their own tactics, the court identified a number of improper actions on Spaulding Beach's part, including "ridiculously low settlement offers that initially served the legitimate purpose of impressing the plaintiffs with their seriousness but ultimately gave the defendants the appearance of sto-

newallers." [1]

The court concluded that the facts justified a deviation from the Rule 82(a)(1) schedule, even though a partial award of the fees actually incurred would exceed the amount of Spaulding Beach's Rule 68 offer of judgment. The court noted in part:

> This is an extremely large fee award, one that exceeds the plaintiffs' recovery. However, it is justified because, long before trial in this case, most doubts were dispelled regarding the merit of a recovery by plaintiffs of a sum in the tens of thousands of dollars. Before suit was ever filed, Van Dort agreed to make repairs and an award for inconvenience that would cost in excess of $10,000. He sent in agents to make repairs, but they made matters no better despite expending scores of worker hours and actually compounded the harm in a number of respects. Defendants, despite that admission by conduct, thereafter denied any liability, put plaintiffs to their proof, and attempted to bleed plaintiffs into a settlement for sums a fraction of what defendants knew their liability to be; that was vexatious.

Spaulding Beach appeals the trial court's award of attorney's fees, arguing, *inter alia*, that (1) the trial court was prohibited, as a matter of law, from departing from the Rule 82(a)(1) schedule following acceptance of an offer of judgment, and (2) even if departure from the schedule was permissible, the trial court erred in this case by considering improper factors in determining that Spaulding Beach's conduct was "vexatious."

## II

■ In reviewing attorney's fee awards, this court will afford substantial deference to the decision of the superior court. We will reverse a trial court's award of attorney's fees only where the trial court

abused its discretion by making a fee award which is "manifestly unreasonable." *Malvo v. J.C. Penney Co.*, 512 P.2d 575, 587 (Alaska 1973).

■ Following acceptance of an offer of judgment under Civil Rule 68, the trial court shall, unless the offer specified otherwise, award attorney's fees in accordance with Civil Rule 82. *See LaPerriere v. Shrum*, 721 P.2d 630, 634–35 (Alaska 1986); *see also Davis v. Chism*, 513 P.2d 475, 482 & n. 6 (Alaska 1973). Under Rule 82, the court should, as a general rule, adhere to the presumptive schedule of attorney's fees contained in Rule 82(a)(1); however, the court may depart from the schedule where it determines, in its discretion, that departure is appropriate and it specifies on the record its reasons therefor. Alaska R.Civ.P. 82(a); *Patrick v. Sedwick*, 413 P.2d 169, 179 (Alaska 1966). Departure from the fee schedule, even to the extent of a full award of actual fees, may be justified where the court finds that a losing party's claim or defense was "frivolous, vexatious or devoid of good faith." *State v. University of Alaska*, 624 P.2d 807, 818 (Alaska 1981); *see also Day*, 771 P.2d at 439 n. 3 (Alaska 1989); *Alaska Northern Development v. Alyeska Pipeline Service Co.*, 666 P.2d 33, 42 n. 9 (Alaska 1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984). The fact that a fee award exceeds recovery in the underlying lawsuit does not defeat an otherwise valid award of attorney's fees. *Joseph v. Jones*, 639 P.2d 1014, 1019 (Alaska 1982).

## A

Spaulding Beach argues, first, that trial courts should *never* be permitted to award fees in excess of those established under the "noncontested" or "without trial" schedules of Rule 82(a)(1) following accept-

---

1. The court also found indicative of vexatiousness and bad faith (1) Schlosberg's statement to a third-party defendant that he "would be wiser 'to settle because I can drag it out forever at high cost to you and you'll get nothing.... Even if you win, you'll lose,'" and (2) Van Dort's statement to Christine Culliton that she "would have to sue" to get the defects corrected and "if [you] sue us, it will be a drawn out and costly venture for [you]."

ance of an offer of judgment under Rule 68. This court has never so held, and we decline to do so now.

■ In support of its contention, Spaulding Beach relies upon our decision in *Davis*, 513 P.2d at 482 n. 6, wherein we observed in regard to an award of attorney's fees following acceptance of a Rule 68 offer of judgment:

> Determination of proper attorney's fees can on occasion require a certain amount of fact finding. *Normally* the attorney's fees which would be added to the amount of the offer of judgment, as part of the costs, would be computed under Civil Rule 82 on either a non-contested or without trial basis.

(Emphasis added). Our statement in *Davis*, that fees will "normally" be calculated in accordance with the fee schedule, simply restates basic Rule 82 principles, *i.e.*, that in the absence of a statement of adequate reasons for departure from the fee schedule, the schedule is to be adhered to. *See Patrick*, 413 P.2d at 179. Spaulding Beach's proposed rule, that courts should *never* be permitted to deviate from the schedule following an offer of judgment, conflicts with the wording of Rule 82 and with this court's cases construing it. We reiterate here what was already implicit in our decisions in *Davis* and *LaPerriere;* where, an offer of judgment specifies only a lump sum figure, without any provision for attorney's fees, attorney's fees may be awarded by the trial court in accordance with standard Rule 82 principles. Where extraordinary circumstances would otherwise justify deviation from the Rule 82(a)(1) schedule, such deviation is appro-

priate following acceptance of an offer of judgment under Rule 68.[2]

**B**

■ Spaulding Beach's second contention is that, even if the superior court had authority to consider and act upon the allegations of bad faith and vexatiousness, the court considered improper factors in reaching its conclusion on the issue. Specifically, Spaulding Beach argues that the superior court's decision must be reversed because it conflicts with our recent decisions in *Day*, 771 P.2d at 438, and *Myers*, 770 P.2d at 753 wherein we held that a trial court may not "use[ ] past settlement negotiations as a reason to justify a reduction [or increase] in the amount that it would [otherwise] have awarded" under Rule 82. Spaulding Beach contends that the trial court's consideration of settlement negotiations in the instant case warrants reversal of the award. We agree.[3]

A review of the trial court's decision (which preceded our decisions in *Day* and *Myers*) reveals that the court considered, among other things, the fact that Spaulding Beach, during the course of this litigation, made "ridiculously low settlement offers" which gave them "the appearance of stonewallers." Although this was not the only basis for the superior court's decision, we have consistently reversed attorney's fees awards based in whole or in part upon past settlement negotiations. *See, e.g., Doyle v. Peabody*, 781 P.2d 957, 962 (Alaska 1989); *Day*, 771 P.2d at 438–39.

Accordingly, the decision of the superior court awarding the Cullitons 75% of their actual attorney's fees is REVERSED, and this matter is REMANDED for further proceedings not inconsistent with this opin-

---

2. Spaulding Beach argues that, even if the court had discretion to deviate from the Rule 82(a)(1) schedule and award additional fees based on vexatiousness or bad faith, the court was without power to order an *evidentiary hearing* to make such determinations. The argument is without merit. Our decision in *Davis* expressly contemplated that determinations of attorney's fees may "require a certain amount of fact finding." 513 P.2d at 482 n. 6. It is clearly within the discretion of the trial court to order a hearing where necessary to assist it in making the

requisite factual findings concerning an award of attorney's fees under Rule 82. *See generally Salmine v. Knagin*, 645 P.2d 148, 149 (Alaska 1982) (trial court erred in refusing on timeliness grounds plaintiff's request for a hearing on attorney's fees following acceptance of Rule 68 offer of judgment).

3. In light of our holding below, we need not reach Spaulding Beach's other claims of error regarding the superior court's attorney's fee award.

ion.[4]

---

**4.** We note here, as we did in *Day,* that

In ordering a remand we do not intend to [imply] approval or disapproval of the amount of attorney's fees which were initially awarded. Inherent in our disposition is the conclusion that it is permissible for the trial court to depart from the fee schedule of Civil Rule 82(a)(1) where the reasons for the departure appear in the record, *Haskins v. Shelden,* 558 P.2d 487, 496 (Alaska 1976), such as where a defense or claim borders on the frivolous. *Steenmeyer Corp. v. Mortenson–Neal,* 731 P.2d 1221, 1226 (Alaska 1987); *Crook v. Mortenson–Neal,* 727 P.2d 297, 306 (Alaska 1986).

771 P.2d at 439 n. 3.