*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| TIM COOK, ) | |
| ) | Supreme Court No. S-17777 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-19-11885 CI |
| v. ) | |
| ) | O P I N I O N |
| DAVID QUASHNICK, ) | |
| ) | No. 7527 – May 7, 2021 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory A. Miller, Judge.

Appearances: Tim Cook, Cook and Associates Attorneys at Law, Anchorage, for Appellant. Markus B.G. Oberg, LeGros Buchanan & Paul, Seattle, Washington, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

CARNEY, Justice.

## I.    INTRODUCTION

After two fishing boats collided at sea, the owner of one of the boats sued the other owner. Among his claims was an alleged violation of Alaska's Unfair Trade Practices and Consumer Protection Act (UTPA). After the case settled, he requested full attorney's fees under the UTPA. The superior court instead awarded fees under Alaska Civil Rule 82. He appeals. We affirm the award of attorney's fees.

## II. FACTS AND PROCEEDINGS

### A. Facts

Tim Cook and David Quashnick both fish commercially in Bristol Bay; Cook is also an attorney. Cook claims that in July 2019 Quashnick drove his boat over Cook's nets and intentionally struck his boat while "screaming that Cook should go fish somewhere else." Cook alleges that his boat and nets were damaged and a member of his crew was injured as a result of the collision.

### B. Proceedings

Cook, representing himself, filed suit in December 2019, claiming assault and battery, violation of the rules of navigation, intentional infliction of emotional distress, and violation of the UTPA.[1] Cook sought economic, non-economic, and punitive damages, as well as treble damages and full attorney's fees and costs under the UTPA. Quashnick admitted that both boats were in the water in Bristol Bay but denied the rest of Cook's allegations.

In January Cook made an offer of judgment to settle the case for $25,000. After a month of settlement negotiations Cook made a second, identical offer of judgment. The February 25 offer stated: "Plaintiff Tim Cook will accept $25,000.00 (twenty-five thousand dollars) from Defendant David Quashnick in full settlement of all claims arising out of the above captioned matter. The court will enter judgment in favor of the plaintiff and assess fees and costs against defendant." Cook's cover letter specified that "[a]cceptance of the Offer of Judgment results in: [a] minimal monetary payout; [a]voidance of litigation; [and] [n]o admission of fault . . . ."

Quashnick accepted the offer on March 4. About a week later Cook moved for entry of judgment and an award of attorney's fees and costs. Cook sought $310.50

---

[1] AS 45.50.471.

-2- **7527**

in costs and $15,652.65 in attorney's fees based on 45.37 hours at an hourly rate of $345, claiming he was entitled to full reasonable fees and costs under the UTPA.[2]

Quashnick opposed Cook's motion, first arguing that because Cook was representing himself he was not entitled to attorney's fees.[3] He also argued that Cook was not entitled to any fees because Alaska Civil Rule 68 only allows a fee award to the party making the offer of judgment if the offer is rejected and the judgment eventually entered is less favorable than the offer.[4] In addition Quashnick opposed awarding full attorney's fees under the UTPA. He argued that because the offer of judgment did not lead to an admission of fault, Cook was not the prevailing party. He claimed that the cases Cook cited addressed UTPA claims that were determined on their merits; he said they were distinguishable and "[a]llowing an award of fees based on mere allegations and without any proof, factual findings, or a trial would be manifestly unreasonable and entirely contrary to the goal of Rule 68."

---

[2] The UTPA provides that "[i]n an action brought by a private person under [the UTPA], a prevailing plaintiff shall be awarded costs as provided by court rule and full reasonable attorney fees at the prevailing reasonable rate." AS 45.50.537(a).

[3] Because Quashnick did not cross-appeal the issue, he has waived it. *See Peterson v. Ek*, 93 P.3d 458, 467 (Alaska 2004) ("We have consistently held that failure to file a cross-appeal waives the right to contest rulings below."). But we have previously allowed attorneys who represented themselves to receive costs and fees. *Burrell v. Hanger*, 650 P.2d 386, 387 (Alaska 1982).

[4] Alaska R. Civ. P. 68(b) ("If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer . . . the offeree . . . shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made.").

Finally Quashnick argued that any attorney's fees should be capped at $4,500 under Rule 82.[5]  He argued that Cook's hourly rate was unreasonable and the amount of time he had spent was unnecessary given the parties' early focus on settlement.

The superior court found that Cook's "entitlement to attorney fees is governed by Alaska Rule 82" and awarded him $4,500 in attorney's fees.  It found "that this amount fairly compensates [Cook] for reasonable and necessary time incurred."  It also found that Cook was entitled to his full filing fees, but not interest.

Cook appeals, arguing that the superior court erred by awarding attorney's fees under Rule 82 instead of the UTPA.

## III.   STANDARD OF REVIEW

While we review awards of attorney's fees for abuse of discretion, we "independently review 'whether the trial court properly applied the law when awarding attorney's fees.' "[6]  "Determinations of which legal authorities apply in a case and interpretations of what those legal authorities mean are questions of law subject to de novo review."[7]

---

[5]     Alaska Rule of Civil Procedure 82 authorizes partial attorney's fees awards to prevailing parties in civil cases according to a schedule.  The Rule caps the award in a contested case settled for $25,000 at 18% of "reasonable actual attorney's fees which were necessarily incurred."  Alaska R. Civ. P. 82(b)(1)-(2).

[6]     *Cottini v. Berggren*, 420 P.3d 1255, 1260 (Alaska 2018) (quoting *State, Office of Pub. Advocacy v. Estate of Jean R.*, 371 P.3d 614, 618 (Alaska 2016)).

[7]     *Id.* (quoting *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014)).

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Awarding Attorney's Fees Under Rule 82.

Cook argues that the superior court erred by awarding fees under Rule 82 instead of the UTPA. We have long held that Rule 82 determines fee awards in cases resolved through an accepted offer of judgment.[8] But Cook argues that a fee-shifting statute such as the UTPA takes precedence over Rule 82. Unlike Rule 82, the UTPA awards prevailing plaintiffs "full reasonable attorney fees at the prevailing reasonable rate."[9] Cook cites *Adkins v. Collens*, a case brought under the UTPA, where we stated that "[t]he phrase 'full reasonable attorney fees at the prevailing reasonable rate' was specifically intended to ensure that attorney's fees for prevailing plaintiffs would not be capped by Rule 82."[10]

Quashnick responds that we have held that the UTPA supplants Rule 82 only in cases that were resolved on the merits. He argues that because this case was resolved through an offer of judgment, Cook did not prevail on his UTPA claim and therefore is not entitled to fees under the UTPA. Quashnick argues that a Rule 68 offer of judgment creates a contract and any departure from the usual Rule 82 calculation of fees would have to be specified within the offer to become an enforceable part of that contract. He focuses on our language in *Van Dort v. Culliton* that "[f]ollowing an

---

[8]     *See Van Dort v. Culliton*, 797 P.2d 642, 644 (Alaska 1990) ("Following acceptance of an offer of judgment under Civil Rule 68, the trial court shall, unless the offer specified otherwise, award attorney's fees in accordance with Civil Rule 82." (citing *LaPerriere v. Shrum*, 721 P.2d 630, 634 (Alaska 1986) and *Davis v. Chism*, 513 P.2d 475, 482 n.6 (Alaska 1973))).

[9]     AS 45.50.537(a).

[10]     444 P.3d 187, 198 (Alaska 2019).

acceptance of offer of judgment under Civil Rule 68, the trial court shall, *unless the offer specified otherwise*, award attorney's fees in accordance with Civil Rule 82."[11] (Emphasis in Brief.) Because Cook's offer of judgment stated that the court would "assess fees and costs against defendant" without specifying which law applied, Quashnick argues that full fees under the UTPA should not be granted.

But Cook urges us to hold that an applicable fee-shifting statute governs even in cases resolved through offers of judgment. He cites *Bobich v. Hughes*, where a wage claim brought under the Alaska Wage and Hour Act was resolved through an offer of judgment.[12] The Wage and Hour Act has a similar fee-shifting provision as the UTPA, providing for "reasonable attorney fees" to prevailing parties.[13] In *Bobich*, we affirmed an award of attorney's fees under the Wage and Hour Act instead of Rule 82, emphasizing that the Wage and Hour Act's "requirement of full reasonable attorney's fee awards ordinarily trumps Alaska Civil Rule 82's provision authorizing partial fees for prevailing parties."[14]

Unlike this case, all the claims resolved through an offer of judgment in *Bobich* were brought under the Wage and Hour Act.[15] As a result, the only governing law was the Wage and Hour Act. And *Bobich* centered around whether the court had properly assessed fees under the Wage and Hour Act, not whether it applied.[16]

---

[11] 797 P.2d at 644.

[12] 965 P.2d 1196, 1197 (Alaska 1998).

[13] AS 23.10.110(e).

[14] *Bobich*, 965 P.2d at 1200.

[15] *Id.* at 1197.

[16] *See id.* at 1199 ("The Hugheses object to the court's failure to award the
(continued...)

Cook's offer of judgment authorized the court to "assess fees and costs." As Quashnick points out, an accepted offer of judgment creates a contract.[17] We have also held that "[f]ollowing acceptance of an offer of judgment under Civil Rule 68, the trial court shall, unless the offer specified otherwise, award attorney's fees in accordance with Civil Rule 82."[18] The claims resolved by the offer of judgment in this case were governed by different fee provisions and only one of them was brought under the UTPA. The offer — which Cook prepared — did not specify which statute governed attorney's fees. The superior court therefore appropriately calculated the attorney's fee award under Rule 82.

## V. CONCLUSION

We AFFIRM the superior court's award of attorney's fees under Rule 82.

---

[16] (...continued) attorney's fees they requested.").

[17] *See LaPerriere v. Shrum*, 721 P.2d 630, 634 (Alaska 1986) ("An offer of judgment and acceptance thereof is a contract." (quoting *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973))).

[18] *Van Dort v. Culliton*, 797 P.2d 642, 644 (Alaska 1990).