George Gary FARNSWORTH and Sandra
Kay Farnsworth, Appellants,

v.

H. J. STEINER, Personal Representative
of the Estate of Michael R. Steiner,
Deceased, Appellee.

H. J. STEINER, Personal Representative
of the Estate of Michael R. Steiner,
Deceased, Cross-Appellant,

v.

George Gary FARNSWORTH and Sandra
Kay Farnsworth, Cross-Appellees.

Nos. 3293, 3294.

Supreme Court of Alaska.

Oct. 19, 1979.

Joseph W. Sheehan, Fairbanks, for appellants and cross-appellees.

Stephen D. Cramer, Steve S. DeLisio, and Mark A. Sandberg of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee and cross-appellant.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and BURKE, JJ.

RABINOWITZ, Chief Justice.

This action arose out of an airplane accident. George Farnsworth and Michael Steiner had been on a hunting trip and had spent the day searching for game from the air, landing and taking off several times. They approached the McGrath airport around 8:30 p. m., the airplane made a banking turn in preparation for landing and then suddenly plunged, nose down, to the

ground. The altitude at which this abrupt change in attitude occurred is the subject of some dispute, and witnesses' estimates ranged from 150 to 500 feet. There was no dispute, however, as to the fact that once the airplane began plummeting downward it did not deviate from that bearing—according to observers on the ground, the aircraft's final flight pattern evidenced no attempt to recover from the nose-down attitude. The airplane impacted at a 90 degree angle, killing Steiner, who was piloting the plane, and seriously injuring Farnsworth.

Farnsworth filed a complaint in superior court alleging negligence on the part of Steiner. Subsequently, a counterclaim was filed on behalf of Steiner's estate claiming damages for wrongful death caused by Farnsworth's alleged negligence. It was Farnsworth's contention at trial that the plane was carrying excess baggage and fuel at the time of the crash and thus was over the recommended operating weight and balance limits prescribed by the manufacturer for that type of aircraft. That fact, according to Farnsworth, combined with possible pilot error, caused the airplane to enter an aerodynamic stall while in the course of an approach to landing. H. J. Steiner, as representative of the decedent's estate, denied that the plane was overweight or that it was negligently operated. The estate's theory was that the accident resulted from Farnsworth's own negligent behavior.

The airplane, a 1969 Citabria Champion, had two seats arranged in tandem position. It had been originally equipped with dual controls, but was subsequently altered, leaving only the rudder control pedals operational from the rear seat. Steiner's estate argued that the accident was caused by Farnsworth's sudden and careless depression of the left rudder pedal, which brought about the uncontrolled change in attitude and overrode the decedent's attempts to regain control of the aircraft. Both parties introduced expert testimony in support of their respective theories as to the cause of the accident.

Steiner's estate prior to trial made an offer of judgment, pursuant to Alaska Rule of Civil Procedure 68.[1] This offer was rejected by Farnsworth. Ultimately, the superior court determined that the offer exceeded the jury's award upon trial and that, consequently, under Rule 68 Farnsworth was liable to Steiner for costs and attorney's fees accrued after the date of offer of judgment.[2] All of Farnsworth's contentions in this appeal relate to the offer of judgment. He asserts that the offer was invalid and, alternatively, that even if it was valid it did not exceed the sum awarded by the jury. Steiner's estate, as cross-appellant, alleges error in the superior court's treatment of various evidentiary matters, in the content of the jury instructions, and in the superior court's refusal to direct a verdict in his favor on the issue of liability.

1. Alaska R.Civ.P. 68 provides:
   *Offer of Judgment.* At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The fact that an offer is made by not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

2. *In Miklautsch v. Dominick,* 452 P.2d 438, 440 (Alaska 1969), we held that "in administering Civil Rule 68 utilization of the 'prevailing party' criterion employed in Civil Rules 54(d) and 82 is inapposite."

■ We turn first to Farnsworth's contentions regarding the offer of judgment. The offer read as follows:

## OFFER OF JUDGMENT

TO: JOSEPH W. SHEEHAN, Esq.

Defendant H.J. STEINER as personal representative of the Estate of MICHAEL R. STEINER, pursuant to Civil Rule 68, hereby offers to allow entry of judgment for plaintiffs in this action for $45,000.00, plus $5,000.00 in costs to date hereof. This is an offer of compromise only, and is not to be construed as an admission.

DATED this 23rd day of December, 1975, at Anchorage, Alaska.

MERDES, SCHAIBLE, STALEY, & DeLISIO, INC.
Attorneys for Defendant

Citing *Albritton v. Estate of Larson*, 428 P.2d 379 (Alaska 1967), Farnsworth argues that because it is "not an unconditional offer allowing 'costs then accrued' the offer is void *per se*." Farnsworth is correct in noting that Rule 68 requires that an offer of judgment allow costs accrued up to the date of the offer. His reliance on *Albrit-*

*ton,* however, is misplaced. In that case we found an offer to be invalid on two grounds: it was not served on the opposing party but was instead filed in the superior court, and, more significantly, it was "devoid of any offer to allow judgment to be taken against appellee for a specified sum of money together with 'costs then accrued.'" *Id.* at 381 (footnote omitted). We particularly noted the fact that the offer made to Albritton failed to conform to Form 128, Forms for Rules of Civil Procedure.[3] *Id.* at 381 n. 6. In the present case, the offer of judgment paralleled illustrative Form 128, differing only in that it supplied defendant's identity and filled in the blank spaces. *See generally Jakoski v. Holland*, 520 P.2d 569, 577 (Alaska 1974). Farnsworth's contention is without merit.

■ Farnsworth argues, additionally, that the amount of the offer did not exceed the jury award and that therefore it was error for the superior court to award appellee costs incurred after the making of the offer pursuant to Civil Rule 68. The jury award amounted to $36,631.00. After adding interest and costs accrued up to the date of the offer of judgment, the superior court arrived at a figure of $49,043.28[4] for

---

3. Civil Form 128 reads as follows:

TO: _____
    Attorney for Plaintiff

Defendant, pursuant to Civil Rule 68, hereby offers to allow entry of judgment for plaintiff in this action for $_____ plus $_____ in costs to date hereof. This is an offer of compromise only, and is not to be construed as an admission.

DATED: _____

_____
    Attorney for Defendant

4. An offer of judgment "must be construed as including the defendant's assessment of all of the damages that plaintiff is entitled to, including that occasioned by the loss of use of the money." *Davis v. Chism*, 513 P.2d 475, 482 (Alaska 1973). Since the ultimate jury award reflects compensation for an injury as of the day of its occurrence, interest to the date the offer is made must be added to the jury award before a valid comparison of the two figures can be made. If, as in the present case, the offer of judgment specifically includes costs—rather than simply an offer to pay reasonable costs in addition to the fixed amount contained in the offer of judgment—then costs accrued up to the date of the offer must also be added

to the amount awarded by the jury if the two figures are to be compared meaningfully. As appellee points out, calculation of this figure is straightforward:

The proper mathematical formula for the computation of a judgment under Rule 68 would appear as follows:

$J = (V + PI) + (AF + C),$

for which

$J$ = Judgment for computation under Rule 68 to determine whether the Offer of Judgment had been exceeded;

$V$ = Jury verdict;

$PI$ = Prejudgment interest accrued prior to the Offer of Judgment;

$AF$ = Attorney's fees incurred by the offeree prior to the Offer of Judgment.

$C$ = Costs incurred by the offeree prior to the Offer of Judgment.

In applying this formula to the case at bar, the trial court arrived at the following numerical result:

$J = (\$36,631.00 + \$6,227.28) + (\$5,000.00 + \$1,185.00)$ or

$J = \$49,043.28.$

Two factors regarding the trial court's calculation should be noted. First, the interest figure quoted above reflects interest accrued on

use in comparison with the total offer of judgment of $50,000.00. As appellant's calculation, which produced a figure in excess of $50,000.00, depends upon what we must assume to be a clerical error,[5] it can be rejected out of hand. We have previously held that:

> All that is required to bring into play 'the offeree must pay the costs incurred after the making of the offer' portion of Civil Rule 68 is a recovery which falls short of the offer of judgment. In our opinion, any other interpretation would be contrary to the clear meaning of the text of the rule, as well as in derogation of the rule's rationale.

*Miklautsch v. Dominick*, 452 P.2d 438, 440 (Alaska 1969). The fact that the offer and the jury award in this case are somewhat close [6] does not alter our conviction concerning the clarity of Rule 68. Farnsworth's argument is devoid of merit.

We have considered Farnsworth's other assertions of error and find them to be lacking in merit, such that discussion of them is unnecessary.

Steiner's estate as cross-appellant, proposes numerous assignments of error concerning the conduct of the trial by the

superior court. Of these, we think only two merit discussion here.

Steiner argues that the superior court's refusal to admit the deposition testimony of Calvin Stoner and John Lincoln, concerning the decedent's experience with aerobatic flying techniques, was reversible error. Steiner's theory is that this evidence was relevant in that it demonstrated that the decedent possessed a degree of skill as a pilot that rendered Farnsworth's version of the accident highly improbable. The claim is that the decedent's experience in similar emergency situations was such that he would have attempted to perform emergency maneuvers to avoid the crash and that these attempts would have been reflected in the observed flight pattern of the airplane. Since the airplane went straight down and no perceptible attempt at recovery was made, according to this argument, the evidence in question would have tended to prove that Farnsworth, and not Michael Steiner, was responsible for the accident. Farnsworth's counsel objected on the ground that the evidence sought to be introduced purported to be evidence of habit and, as such, was insufficient to demonstrate the decedent's "regular practice of meeting a particular kind of situation with a specific type of conduct." [7] The trial

---

$36,631.00 through the date on which judgment was entered rather than the proper date for purposes of Rule 68: the date of the offer. Substitution of the correct figure would further decrease the total against which the $50,000 offer was compared. Next, and more significant, is the trial court's arbitrary utilization of the $5000 figure in determining the amount of Farnsworth's attorney's fees. Under Alaska R.Civ.P. 82, attorney's fees are to be computed with reference to a percentage of the money judgment awarded. In determining the appropriate attorney's fee figure for purposes of computing the amount of the judgment, the trial court should have referred to the partially contested (designated "without trial") case fee schedule set forth in Rule 82 since the offer of judgment was made prior to trial. We have concluded that this fee schedule is the appropriate one for the trial courts to employ in making similar calculations in the future. Utilization of the attorney's fee percentage, which we have indicated is appropriate under Rule 82, reduces further the total trial award figure to be compared with the $50,000 offer.

5. Farnsworth's calculation differs from that of appellee, *see* note 4 *supra*, only in that it depends upon a costs figure of $2815.13—which corresponds to the clerk's assessment of costs through April 5, 1976. No explanation is offered regarding the substitution of that figure for the one used by the trial court.

6. We emphasize that the jury award figure which the superior court compared to the estate's offer was improperly generous in favor of Farnsworth. Upon accurate recalculation of the judgment in light of the interest amount factor alluded to in note 4 *supra*, a slightly greater gap appears between the offer and jury award figures.

7. A habit is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic. C. McCormick, Law of Evidence, § 195, at 462–63 (2nd ed. 1972).

judge agreed with Farnsworth's characterization and excluded the evidence.

■ We believe that "the judge should possess the discretion usual in this field of circumstantial evidence to exclude if the habit is not sufficiently regular and uniform, or the circumstances sufficiently similar, to outweigh the danger, if any, of prejudice or confusion."[8] In view of the fact that the evidence which the estate proffered at trial would have shown only that the decedent had received aerobatic training from Stoner and had performed aerobatic maneuvers "on more than one occasion" when Lincoln was a passenger, we are not persuaded that the superior court judge abused his discretion in excluding it. We are similarly unable to discern any error or abuse of discretion in the superior court's treatment of the other evidentiary matters raised in the estate's cross-appeal.

■ Reversible error is also asserted by the estate in regard to several jury instructions. The most important of these allegations pertains to the negligence *per se* instruction which the trial court gave regarding certain Federal Aviation Regulations.[9] Steiner's estate cites *Ferrell v. Baxter*, 484 P.2d 250, 261 (Alaska 1971), for the proposition stated therein, that:

> [B]efore a plaintiff is entitled to an instruction defining the violation as negligence *per se*, he must first demonstrate

that he is among the protected class and, second, that the injury was caused by a harm against which the law was designed to protect.

The estate argues that the negligence *per se* instruction read to the jury at trial was inappropriate because the F.A.A.'s regulations "do not identify a particular class of citizens to be protected, nor are they addressed to protection against any particular type of harm." This argument overlooks the fact that very few laws or regulations specifically identify a class of people to be protected or the particular harmful nuances sought to be avoided; it also fails to take notice of this court's recognition, in *Ferrell*, that such protective policies are "sometimes expressly, but more often by implication" contained in laws and regulations. The implication that these Federal Aviation Regulations are designed, at least in part, to protect passengers from being injured in airplane crashes is inescapable. We therefore hold that the superior court's negligence *per se* instruction was a correct statement of the law and that it was an appropriate one to give in light of the particular facts of the case at bar.

Finally, each party to this action alleges that the attorney's fees and costs awarded to him were inadequate and that the sums awarded to his opponent were excessive. Our review of the record indicates that the

---

8. McCormick, *supra* note 7, § 195, at 463. *See also Levin v. United States*, 119 U.S.App.D.C. 156, 338 F.2d 265 (D.C. Cir. 1964), *cert. denied*, 379 U.S. 999, 85 S.Ct. 719, 13 L.Ed.2d 701 (1965).

9. The jury was instructed as follows:

In the operation of airplanes, as in the operation of motor vehicles, there are certain rules and regulations to which the operators must conform. You are instructed that the Federal Aviation Regulations provide as follows:

"Pilot in command" means the pilot responsible for the operation and safety of an aircraft during flight time.

91.3(a) The pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft. 91.29(a) No person may operate a civil aircraft unless it is in an airworthy condition. (b) The pilot in command of a civil aircraft is responsible for determining whether that aircraft is in condition for safe flight. He shall discontinue the flight when unairworthy mechanical or structural conditions occur.

If you find from a preponderance of the evidence that a party violated any of the provisions of the law just read to you and that such violation caused the accident, you are instructed that a prima facie case has been established that said party was negligent. This prima facie case of negligence is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event in question said party's conduct was excusable or justifiable.

To show that a violation of law was excusable or justifiable so as to overcome this prima facie case, said party must convince you that he did what might be expected of a person of ordinary prudence who desired to comply with the law acting under similar circumstances.

superior court did err in its computation of attorney's fees and interest.[10]

As we have often stated, an award of attorney's fees after trial should be based upon the appropriate criteria set forth in Civil Rule 82.[11] *Fairbanks Builders, Inc. v. Sandstrom Plumbing & Heating,* 555 P.2d 964, 966 (Alaska 1976). Further, we have consistently held that "the trial court should state its reasons when it makes an award of attorney's fees which varies from the schedule in Rule 82(a)(i) . . ." *Miller v. McManus,* 558 P.2d 891, 893 (Alaska 1977); *Haskins v. Shelden,* 558 P.2d 487, 496 (Alaska 1976). No reasons appear in the record in explanation of the superior court's award to Farnsworth of an attorney's fee of $5,000. In view of the superior court's unexplained departure from Civil Rule 82 in calculating the attorney's fee award to Farnsworth, this facet of the superior court's judgment must be vacated.

In addition, we conclude that upon remand the superior court should make a factual determination of the offeror's actual expenses incurred after the date of the offer of judgment. Once this determination is made, the superior court, cognizant of the partial recovery principles of Civil Rule 82,[12] should award the offeror reasonable partial attorney's fees and costs based upon its calculation of the offeror's actual expenses incurred after the date the offer was made.[13]

The superior court erroneously computed the amount of prejudgment interest to which Farnsworth is entitled upon his jury award. Ordinarily, a plaintiff who is successful at trial is awarded interest on the judgment amount from the date the cause of action accrues until the date of judgment. *Haskins v. Shelden,* 558 P.2d 487, 494 (Alaska 1976). However, under Rule 68,[14] a party who is successful at trial but who rejected an offer of judgment which exceeded his trial recovery, is permitted to recover expenses and fees—including prejudgment interest—only from the date that the cause of action accrues, to the date of the rejected offer of judgment.

In the case at bar the superior court calculated interest on Farnsworth's award through to the date of final judgment.[15] Given this erroneous calculation this portion of the judgment must be remanded for recomputation.

The superior court's judgment is AFFIRMED as to all matters except the award of attorney's fees and interest; which issues are remanded for further proceedings consistent with this opinion.

MATTHEWS, J., not participating.

10. See also our discussion at note 4, *supra.*

11. Alaska R.Civ.P. 82(a) provides:

(1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

| | | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $ 2,000 | 25% | 20% | 15% |
| Next | $ 3,000 | 20% | 15% | 12.5% |
| Next | $ 5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

(2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

(3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between the attorney and client.

12. *See Cooper v. Carlson,* 511 P.2d 1305, 1310–11 (Alaska 1973).

13. We offer no opinion at this time as to the reasonableness of the $7500 attorney's fee award granted to Steiner as the offeror under Rule 68.

14. For the text of Alaska R.Civ.P. 68, see note 1 *supra.*

15. See our discussion at note 4 *supra.*