**Amy ANDRUS, Appellant,**

v.

**Perparim LENA, Appellee.**

No. S–8060.

Supreme Court of Alaska.

March 26, 1999.

Paul W. Waggoner, Anchorage, for Appellant.

George M. Kapolchok, Law Offices of George M. Kapolchok, Anchorage, for Appellee.

Before: MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

MATTHEWS, Chief Justice.

### I. INTRODUCTION

Perparim Lena received a $39,000 jury verdict against Amy Andrus for a personal injury claim arising from an automobile collision. The superior court, finding Lena's offer of judgment more favorable to Andrus than the final judgment, awarded Lena an additional five percent interest pursuant to Alaska Civil Rule 68. The court also held that Lena was the prevailing party, awarding him $10,000 in attorney's fees pursuant to Alaska Civil Rule 82(b)(3) and an additional $3,162 in actual paralegal fees. Because the trial court erred in several respects, we vacate these awards and affirm only the ruling that Lena is the prevailing party.

### II. FACTS AND PROCEEDINGS

On January 8, 1996, Lena filed a personal injury lawsuit against Andrus. On November 15 Lena served Andrus with an offer of judgment under Civil Rule 68. In it, he offered to settle the case for $38,000 plus costs pursuant to Civil Rule 79, with 10.5% interest from the date of the accident, and attorney's fees calculated pursuant to Civil Rule 82. Andrus rejected the offer.

Prior to trial, Andrus conceded her negligence, leaving only the issues of causation, injury, comparative negligence, and damages for the jury. The jury found that Andrus's negligence was a legal cause of Lena's injuries. It also found that Lena was negligent, but found that his negligence did not cause his injuries. It awarded Lena $39,000 in damages, which included $16,397 in past damages and $22,603 in future damages.

The superior court then entered final judgment against Andrus. It held that Lena's offer of judgment was more favorable to Andrus than the judgment, and applied the penalty provision of Rule 68 by setting both the prejudgment and post-judgment interest on the damage award at 15.5%. It also found

that Lena was the prevailing party and awarded him attorney's fees under Rule 82(b)(1); $3,162 for actual paralegal fees; and an enhanced attorney's fee award of $10,000 under Rule 82(b)(3)(F), (G), (J), and (K), emphasizing that Andrus had initially refused to concede liability and had rejected Lena's more favorable offer of judgment.

Andrus appeals the award of Rule 68 interest, attorney's fees, and paralegal fees.

## III.  *DISCUSSION*

### A.  *It was Error to Hold that Lena's Rule 68 Offer of Judgment Was More Favorable to Andrus than the Judgment.*[1]

■ Andrus argues that the superior court erred in applying the Rule 68 interest penalty against her. She claims that, with prejudgment interest properly calculated on the full amount of the offer but only on the past damage portion of the judgment, the offer of judgment was not more favorable to her than the final judgment. We agree.

■ Where the party defending against a claim rejects an offer of judgment more favorable to the offeree than the final judgment, the superior court must increase the prejudgment interest award by five percent. Alaska R. Civ. P. 68(b)(2); AS 09.30.065.[2] To determine whether an offer is more favorable than a judgment, we must add "interest to the date [of] the offer" to the jury award. *Farnsworth v. Steiner*, 601 P.2d 266, 269 n. 4 (Alaska 1979). Since the offer in this case was for a set amount *plus* prejudgment interest from the date of the accident, we must also add prejudgment interest to the offer to compare the value of the two amounts.[3]

■ First, we calculate the amount of prejudgment interest on the $39,000 jury award. Lena's argument assumes that we should calculate prejudgment interest on the entire amount of the jury award. We reject his argument because "prejudgment interest should be awarded only as to the past damages." *McConkey v. Hart*, 930 P.2d 402, 406 (Alaska 1996). Therefore, we calculate prejudgment interest only on the jury's award of $16,397 in past damages, which makes the judgment's value approximately $44,165.[4]

1.  The question of whether an offer of judgment is more favorable to the offeree than the judgment is a question of law which we review de novo. *See Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996); *Farnsworth v. Steiner*, 601 P.2d 266, 269–70 & n. 4 (Alaska 1979).

2.  Rule 68 has been amended and the previous version (applying to cases filed before August 7, 1997) is applicable to the present case. The penalty provision of that previous version of Rule 68 provided:

> (b) If the judgment finally rendered by the court is not more favorable to the offeree than the offer, the prejudgment interest accrued up to the date judgment is entered shall be adjusted as follows:
>
> . . .
>
> (2) if the offeree is the party defending against the claim, the interest rate will be increased by the amount specified in AS 09.30.065.

AS 09.30.065, in turn, provided that if the party defending against the claim rejects a valid offer of judgment, and the judgment finally rendered by the court is not more favorable to the offeree than the offer, the prejudgment interest accrued up to the date of judgment will be increased by five percent. AS 09.30.065 was amended in 1997, but the amended statute does not apply to cases arising before August 7, 1997. Ch. 26 § 55, SLA 1997. Because Lena's accident occurred in 1994, the present case is there-

fore governed by AS 09.30.065 in its pre-amendment form.

3.  The mathematical formula to compute the value of a judgment under Rule 68 is:

$$J = (V + PI) + (AF + C),$$

for which
$J$  = Judgment for computation under Rule 68 to determine whether the Offer of Judgment had been exceeded;
$V$  = Jury verdict;
$PI$ = Prejudgment interest accrued prior to the Offer of Judgment;
$AF$ = Attorney's fees calculated under the "Contested Without Trial" column of Rule 82(b)(1);
$C$  = Costs allowable and incurred as of the Offer of Judgment.
*See Farnsworth*, 601 P.2d at 269 n. 4; Alaska R. Civ. P. 82(b)(1).
Lena's offer was for a base amount of $38,000 plus fees, costs, and prejudgment interest, all calculated pursuant to the Rules of Civil Procedure. It is not necessary to calculate the amount of attorney's fees and costs incurred by the offeree prior to the offer, because they would add proportional amounts to the offer and the judgment.

4.  Both parties agree that the prejudgment interest should be calculated from January 22, 1994, the date of the accident, to November 15, 1996,

Next, we calculate the amount of the prejudgment interest on the $38,000 offer of judgment. Lena argues that we should calculate prejudgment interest only on the portion of the offer that corresponds to the jury's award of past damages, instead of on the entire amount. He argues that *Farnsworth* allows the court to view the offer through a "retrospectoscope," and calculate prejudgment interest using "the *real* numbers as decided by the jury rather than applying prejudgment interest to everything." Using his theory, we would calculate prejudgment interest on the offer based on the percentage of past damages the jury actually awarded.

We reject Lena's argument because it would make the offer indefinite—neither party would know how much the offer was actually worth until the jury made an award. *See Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752–53 (Alaska 1989) ("One of the protections afforded by the Civil Rule 68 procedure is that the offer of judgment must be definite. This protection is designed to avoid post-trial litigation concerning the meaning of the offer.") (citing *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973) (internal citation omitted)). Furthermore, Lena's theory is not a plausible reading of the offer, which we interpret as a contract. *See Jaso*, 923 P.2d at 801. If Andrus had accepted Lena's offer, the parties could only have calculated prejudgment interest on the entire $38,000. Therefore, we will calculate prejudgment interest on the entire amount of the offer, which makes the offer's value approximately $49,970.[5]

When prejudgment interest is properly applied to the entire $38,000 of the offer but only to the past damages portion of the jury award, the offer clearly was not more favorable to Andrus than the jury award.[6] We therefore hold that the court erred in applying the Rule 68 interest penalty.[7]

**B.** *The Superior Court Did Not Abuse Its Discretion by Finding that Lena Was the Prevailing Party.*[8]

Andrus argues that the superior court erred by finding that Lena was the prevailing party. She argues that the court should have declared that neither party prevailed in this case because the jury rejected "much of plaintiff's damage claims."

"[T]he prevailing party is the one who prevailed on the main issues." *Blumenshine v. Baptiste*, 869 P.2d 470, 474 (Alaska 1994). A plaintiff may still prevail even if he or she failed to recover all of the relief sought. *See id.; see also Alaska Placer Co. v. Lee*, 553 P.2d 54, 62–63 (Alaska 1976) (holding that plaintiffs who sought $73,298, but were only awarded $34,026 after offsets, were the prevailing parties). However, when each party prevails on a main issue, the court retains the discretion to not award any attorney's fees. *See Shepherd v. State, Dep't of Fish & Game*, 897 P.2d 33, 44 (Alaska 1995) (citing *Tobeluk v. Lind*, 589 P.2d 873, 877 (Alaska 1979)).

We hold that the superior court did not abuse its discretion by finding that Lena was the prevailing party. The jury, on a special verdict form, found the following issues in Lena's favor: 1) Andrus's negligence was a legal cause of Lena's injuries; 2)

the date of the offer. For ease of comparison we approximate both figures based on three years of interest. Thus, PI = ($16,397 × 10.5% × 3 years) = $5,165, and J = ($39,000 + $5,165) = $44,165.

5. PI = ($38,000 × 10.5% × 3 years) = $11,970, and the offer = ($38,000 + $11,970) = $49,970.

6. Andrus would have had to pay approximately $49,970 plus attorney's fees and costs if he had accepted the offer of judgment, but will only have to pay approximately $44,165 plus attorney's fees and costs under the judgment.

7. We note that the superior court also erred by increasing the post-judgment interest pursuant to the Rule 68 penalty provision. Rule 68(b) clearly provides that "*prejudgment interest* accrued up to the date judgment is entered shall be adjusted . . . ." (emphasis added); *see also*, AS 09.30.065. There is no provision for increasing post-judgment interest.

8. We review the superior court's determination as to which party is the prevailing party for an abuse of discretion. *See Barber v. Barber*, 915 P.2d 1204, 1209 n. 10 (Alaska 1996) (citing *Apex Control Sys. v. Alaska Mechanical, Inc.*, 776 P.2d 310, 314 (Alaska 1989)).

Lena's own negligence was not a legal cause of his injuries; and 3) Lena suffered a total of $39,000 in damages as a result of Andrus's negligence. Thus the superior court did not abuse its discretion by finding that Lena prevailed on the main issues.

C. *It Was an Abuse of Discretion to Enhance the Rule 82 Attorney's Fees by $10,000.*[9]

1. *It was an abuse of discretion to consider the offer of judgment in enhancing fees.*

The superior court awarded Lena an enhanced attorney's fee award based partially on its mistaken assumption that Andrus had rejected an offer of judgment more favorable to her than the judgment. Andrus argues that the superior court improperly considered the offer of judgment in awarding enhanced attorney's fees.

■■■ Since the 1993 amendments to Rule 82, trial courts can consider whether to increase an offeror's attorney's fees award when he or she has made an offer of judgment more favorable to the offeree than the judgment. *See Fairbanks North Star Borough v. Lakeview Enterprises, Inc.*, 897 P.2d 47, 62 (Alaska 1995). Here, however, the court relied on its erroneous assumption that Lena's offer of judgment was more favorable to Andrus than the judgment. Since the offer was not more favorable to Andrus than the judgment, the superior court abused its discretion by increasing Lena's attorney's fees on this basis. We thus remand the attorney's fee award so the superior court can determine whether other factors justify enhancing the award.

2. *It was an abuse of discretion to enhance fees when Lena's counsel failed to submit records which gave a brief description of the services provided.*

Andrus also argues that Lena did not submit proper records to support his request for enhanced attorney's fees. Lena argues, however, that this rule no longer applies after the 1993 amendments to Civil Rule 82(b)(3)(C), which allow the court to consider the reasonableness of the hourly rates and the hours expended. He argues that since he was not seeking actual fees, he was only required to submit the total hours worked and the hourly rate.

■■■ "[W]hen counsel requests attorney's fees, other than based on the schedule in Rule 82(b)(1), accurate records of the hours expended and a brief description of the services reflected by those hours should be submitted." *Hayes v. Xerox Corp.*, 718 P.2d 929, 939 (Alaska 1986) (remanding for superior court to order counsel to "itemize the hours and nature of the work spent on this case"). We have not limited this rule to situations where the party seeks actual fees. Furthermore, a brief description of the work performed is also necessary to allow the superior court to determine the reasonableness of the hours expended when it awards enhanced fees.

■■■ We thus hold that Lena was required to submit records with a brief description of the services provided, the hours worked, and the hourly rate to support his motion for enhanced attorney's fees. Since Lena submitted only total hours and rates, but no breakdown of the services provided, we also remand on this issue so the court can request these records when it reconsiders its enhanced award.

D. *It Was Error to Enter Final Judgment Without Calculating Lena's Rule 82 Attorney's Fees.*[10]

■■■ The final judgment in this case provided that the "plaintiff is awarded attorney fees pursuant to Rule 82 and in addition is awarded the sum of $10,000." Andrus argues that the superior court abused its

---

**9.** We review an award of attorney's fees for abuse of discretion, and will affirm the trial court's determination unless it is arbitrary, capricious, manifestly unreasonable, or improperly motivated. *See Alaska Center for the Environment v. State*, 940 P.2d 916, 921 n. 4 (Alaska 1997).

**10.** We review issues of statutory interpretation de novo. *See State, Dep't of Revenue, Child Support Enforcement Div., ex rel. Valdez v. Valdez*, 941 P.2d 144, 148 (Alaska 1997) (citing *Hertz v. Carothers*, 784 P.2d 659, 660 (Alaska 1990)).

discretion by failing to specify the amount of the Rule 82 attorney's fees in the final judgment. We agree.

Rule 82(d) provides that

Attorney's fees upon entry of judgment by default may be determined by the clerk. In all other matters *the court shall determine* attorney's fees.

(Emphasis added.) The rule, therefore, clearly provides that the court must calculate the fees. *See id.* On remand, the court should calculate the amount of attorney's fees.[11]

**E.** *It Was Error to Award Actual Paralegal Fees to Lena.*[12]

In the final judgment, the superior court stated that "plaintiff is awarded paralegal fees in the amount of $3,162," the actual amount of costs Lena requested. Andrus argues that the superior court erred in awarding actual paralegal fees. We agree.

Prior to the 1995 amendments to Rule 79 and Rule 82, actual paralegal expenses which were necessarily incurred were recoverable as costs under Rule 79(b). *See, e.g.,* Rule 79 (1994); *Yurioff v. American Honda Motor Co.*, 803 P.2d 386, 390–91 (Alaska 1990).

However, Rules 79 and 82 were amended, effective July 15, 1995. *See* Alaska Supreme Court Order No. 1200 (May 4, 1995). Rule 79(b) then specifically stated that "[f]ees for investigators, paralegals or law clerks shall not be allowed as costs."[13] In addition, subsections (b)(2) and (b)(4) of Rule 82 were

amended to include these types of fees, but only in limited circumstances.[14] When the prevailing party does not recover a money judgment, Rule 82(b)(2) allows him or her to recover either twenty or thirty percent of the reasonable actual attorney's fees which were necessarily incurred, including paralegal fees for "legal work customarily performed by an attorney." Similarly, Rule 82(b)(4), which allows partial recovery of fees when default judgment is entered, was also amended so that actual fees include legal work performed by a paralegal.

Lena argues, however, that these amendments did not overrule the line of cases which provided that actual paralegal fees could be recovered as costs "necessarily incurred" under Rule 79(b). He emphasizes that the Alaska Rules of Civil Procedure do not currently provide for a separate recovery of paralegal fees under Rule 82(b)(1) when a party recovers a money judgment. He argues that allowing full recovery of paralegal fees which were "necessarily incurred" would fill this void, asserting that it would be "senseless" to suggest that paralegal fees are only recoverable when a prevailing party recovers no monetary award or when there is a default judgment.

We reject this argument. The amendments were intended to remove paralegal fees from Rule 79, where the fees had been fully compensated, and provide for only partial compensation under Rule 82. Rule 82, as amended, leaves no void. Instead, under

---

**11.** We note that in Lena's motion for attorney's fees, he included $3,500 in costs when calculating the amount of Rule 82(b) fees. Lena now concedes, however, that Rule 82 fees can only be calculated on the total of the judgment plus prejudgment interest, but not costs. *See* Rule 82(b)(1). On remand, the court should exclude the amount of costs from the attorney's fees calculation.

**12.** *See supra* note 10.

**13.** Rule 79(b) was amended again by SCO 1306, effective January 15, 1998. The new version does not contain the quoted language.

**14.** Rule 82(b) now provides in relevant part:
(2) In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing par-

ty's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred. *The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk.*

. . . .

(4) Upon entry of judgment by default, the plaintiff may recover an award calculated under subparagraph (b)(1) or its reasonable actual fees which were necessarily incurred, whichever is less. *Actual fees include fees for legal work performed by an investigator, paralegal, or law clerk, as provided in subparagraph (b)(2).*

(Emphasis added.)

subsection (b)(1), attorney's fees are only recovered at a certain percentage rate of the monetary recovery. The schedule in subsection (b)(1) is intended to partially compensate for attorney's fees—whether actually performed by the attorney or delegated to a paralegal, law clerk, or investigator. The other sections provide for partial awards of attorney's fees, including paralegal fees, when this schedule does not apply. We thus hold that the superior court erred in awarding actual paralegal fees in addition to the attorney's fees calculated under Rule 82(b)(1).[15]

## IV. CONCLUSION

We VACATE the award of Civil Rule 68 interest, the attorney's fee award, and the award of actual paralegal fees, and REMAND to the superior court for proceedings consistent with this opinion. We AFFIRM the superior court's finding that Lena was the prevailing party.

---

**15.** We note that the amount of paralegal fees can be considered as a factor under Rule 82(b)(3) to deviate from the (b)(1) schedule.