Coleen L. MUELLER, Appellant,

v.

Lottie BUSCEMI and Geraldine Esta-
brook, individually and as Trustees of
the Michael Nafla Irrevocable Trust, Ap-
pellees.

No. S–12943.

Supreme Court of Alaska.

May 21, 2010.

Rehearing Denied July 13, 2010.

**1154**

Kenneth P. Jacobus, Kenneth P. Jacobus, P.C., Anchorage, for Appellant.

Laura L. Farley, Farley & Graves, P.C., Anchorage, for Appellees.

Before: FABE, WINFREE, and CHRISTEN, Justices.

1. *Noffke v. Perez,* 178 P.3d 1141, 1144 (Alaska 2008) (citing *Bierria v. Dickinson Mfg. Co., Ltd.,* 36 P.3d 654, 657 (Alaska 2001)).

*OPINION*

CHRISTEN, Justice.

## I. INTRODUCTION

Coleen Mueller appeals a jury verdict absolving Lottie Buscemi and Geraldine Estabrook (collectively, "Buscemi"), owners of a commercial building and adjacent parking lot, of tort liability. Mueller slipped and was injured while attempting to enter her car in the rear parking lot of Buscemi's property. Mueller claims the trial court erred by: (1) excluding evidence that the insurer's investigation concluded that the building's exterior lights were not working when Mueller fell; (2) excluding evidence of other substantially similar accidents; and (3) excluding evidence that Buscemi had a habit of ignoring building maintenance. Because the trial court's exclusion of this evidence was not an abuse of discretion, we affirm.

## II. FACTS AND PROCEEDINGS

Mueller slipped and was injured while attempting to enter her car in the rear parking lot of Buscemi's commercial building. She sued Buscemi for personal injuries suffered as a result of the accident, alleging that Buscemi's failure to treat icy conditions and to provide adequate exterior lighting was the proximate cause of her injuries. Mueller claims to have suffered personal injuries, incurred present and future medical expenses, and lost income because of Buscemi's allegedly negligent maintenance of the parking lot.

Judgment was entered in Buscemi's favor after a jury trial, and Mueller appeals.

## III. STANDARD OF REVIEW

█ We review the trial court's evidentiary rulings for abuse of discretion.[1] An abuse of discretion will be found when we are "left with a definite and firm conviction that the trial court erred in its ruling and the error affected the substantial rights of a party."[2]

2. *Fleegel v. Estate of Boyles,* 61 P.3d 1267, 1270 (Alaska 2002).

## IV. DISCUSSION

### A. Mueller Did Not Preserve Her Right To Challenge the Trial Court's Order Excluding Evidence of Liability Insurance Because She Failed To Comply with Alaska Rule of Evidence 103.

▪ Mueller argues that the trial court erred by excluding testimony from Gayle White, a claim representative for Buscemi's insurance company, State Farm. White authored correspondence explaining State Farm's investigation and its pre-trial agreement to pay for Mueller's medical bills. Mueller wanted to call White to testify at trial that State Farm's investigation determined the lights in Buscemi's parking lot were not working when Mueller fell and that State Farm accepted liability for payment of medical bills on that basis.

Before trial, Buscemi filed a motion in limine seeking an order preventing Mueller from introducing "any evidence that the [d]efendants are or are not insured against liability pursuant to Alaska R[ule] [of] Evid[ence] 411." Instead of referencing the correspondence in which White explained the results of State Farm's investigation, Mueller's opposition to the motion in limine argued that "Alaska Rule of Evidence 411 applies to the trial" and that the motion was "premature and admission of any reference to liability insurance should be addressed at trial, if and when evidence of any particular reference to liability insurance is sought to be admitted." The trial court granted Buscemi's motion and ordered that "all evidence of liability insurance is excluded" and "[p]laintiff may not mention insurance or any discussions with Defendants' insurer, or question any witnesses about insurance, in front of the jury." Purportedly relying on this order, Mueller did not disclose White's correspondence or her desire to call White as a witness until after the trial. We conclude that Mueller's failure to comply with Alaska Rule of Evidence 103 constitutes a waiver of her argument on this point.

▪ Alaska Rule of Evidence 103 provides that:

(a) ... Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and ... (2) ... In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Under this rule, a party ordinarily "waives its right to challenge the exclusion of evidence unless an offer of proof as to the substance of the evidence is made at the time the evidence is excluded."[3] In this case, Mueller made no mention of White's testimony before the trial court excluded evidence of insurance in a pre-trial order. A party may still preserve her claim of error if she attempts to introduce the evidence in subsequent motion practice, or at trial, and apprises the judge of the substance of the excluded evidence.[4] "The function of an offer of proof is to inform the court what counsel expects to show by the excluded evidence" so the court can determine whether or not it is admissible.[5] Mueller's opposition to Buscemi's motion in limine did not mention White, White's correspondence, or State Farm's investigation, and Mueller did not renew her effort to introduce the evidence at trial. Under these circumstances, Mueller failed to preserve any objection or claim on appeal relating to her inability to call White or her inability to introduce White's correspondence.

### B. The Trial Court Did Not Err in Granting Buscemi's Motion in Limine To Exclude Evidence of Other Accidents.

▪ Buscemi filed a pretrial motion in limine seeking an order precluding Mueller

---

3. *Agostinho v. Fairbanks Clinic P'ship*, 821 P.2d 714, 717 (Alaska 1991).

4. *See Landers v. Mun. of Anchorage*, 915 P.2d 614, 616 (Alaska 1996) (trial judge apprised of evidence of sentimental value of private property destroyed by police); *Collins v. Wayne Corp.*, 621 F.2d 777, 781 (5th Cir.1980) (noting plaintiff preserved appeal point by making substance of deposition known to trial court) *superceded on other grounds by Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir.2002); *Himango v. Prime Time Broad., Inc.*, 37 Wash.App. 259, 680 P.2d 432, 436 (1984) (although party made no formal offer of proof, issue was preserved where it was fully argued in motion in limine and trial court was aware of basis for proffered evidence).

5. *Collins*, 621 F.2d at 781.

from "mentioning, stating, referring to, inquiring about, or otherwise bringing to the jury's attention" other slip and fall accidents that occurred on Buscemi's property. Mueller proffered no evidence in opposition to Buscemi's pretrial motion in limine to exclude evidence of other accidents; she primarily argued that the motion was premature and that the issue should be reconsidered at trial when the facts concerning other accidents had been fully developed. The trial court granted Buscemi's motion with leave for Mueller to renew her request to introduce evidence of other accidents at trial, outside the jury's presence.

At trial, Mueller argued that evidence of three other substantially similar accidents should be admitted. The trial court disagreed and the evidence was excluded. On appeal, Mueller argues the trial court erred by excluding this evidence; Buscemi counters that the proffered evidence of other accidents did not satisfy the substantial similarity test.

 As a general rule, "evidence of prior or subsequent accidents is admissible in personal injury actions to demonstrate that a defective or dangerous condition existed, so long as the incident took place under substantially similar circumstances."[6] The first accident Mueller wanted to reference involved J.K., a pregnant woman who allegedly fell on a walkway in front of Buscemi's building approximately two weeks before Mueller fell. J.K. was not listed on Mueller's trial witness list, she was not available to testify, she had not been deposed, and the court had almost no information about the circumstances or conditions of her fall. In fact, Mueller was unsure whether J.K. was still living at the time of trial. It is not clear how Mueller intended to introduce evidence of J.K.'s accident; we presume for purposes of this appeal that Mueller had a witness who had personal knowledge of it. The second accident was to be described by Ulrike Ward, an employee of a business in Buscemi's building. Mueller claimed that Ward would testify that on the same day Mueller fell, an unidentified woman entered the business where Ward worked and complained that she had slipped and fallen on her way into the building. According to Mueller, Ward did not see the woman fall but believed she fell in front of the building, not in the back parking lot where Mueller fell. Finally, Mueller sought to introduce evidence that Tom Drake fell and hurt his knee in front of the building on the same day Mueller fell. Mueller did not request permission to call Drake as a witness and did not include him on her trial witness list.

 It was Mueller's burden to prove that her fall and these other falls occurred under substantially similar circumstances. "It is well-settled that it is an appellant's responsibility to present this court with a record sufficient to allow meaningful review of his or her claims."[7] The only similarity Mueller identified between the proffered accidents and her own was that two of them allegedly occurred on the same day as her accident. Neither occurred in the same parking lot as her fall, and falls at other locations around Buscemi's building are not necessarily probative of the conditions that existed in the building's rear parking lot. Given the scant evidence Mueller proffered, we are not left with a "definite and firm conviction . . . that the trial court erred in its ruling" when it declined to allow the admission of this evidence.[8]

## C. The Trial Court Properly Excluded Photographic Evidence Depicting Other Examples of Building Maintenance at Buscemi's Property.

 Mueller argues that the superior court erred by excluding evidence of improper maintenance in and around Buscemi's building. She argues that this evidence, photographs to be supported by witness testimony, was admissible under Alaska Rule of Evidence 406 because it established that "[i]gnoring maintenance . . . was a routine

---

6. *Walden v. Dep't of Transp.*, 27 P.3d 297, 303 (Alaska 2001).

7. *Id.* (citing *Adrian v. Adrian,* 838 P.2d 808, 811 n. 5 (Alaska 1992)).

8. *Id.* at 301 (citing *Bliss v. Bobich,* 971 P.2d 141, 144 n. 3 (Alaska 1998)).

practice of this landlord." Buscemi responds that the photographic evidence Mueller presented was insufficient to establish that Buscemi had a routine practice of improperly maintaining the parking lot.

 Alaska Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

A trial judge "possess[es] the discretion usual in this field of circumstantial evidence to exclude (evidence of habit) if the habit is not sufficiently regular and uniform, or the circumstances sufficiently similar, to outweigh the danger, if any, of prejudice or confusion."[9] In support of the contention that Buscemi had a habit of ignoring maintenance, Mueller offered eight photographs which appear to show a water heater, ceiling tiles, a fire extinguisher, a sink, and a wall. The photographs were unaccompanied by any indication of when they were taken. This proffer was inadequate to establish a habit relating to maintenance of the parking lot under Rule 406.[10] "It is only when examples offered to establish such pattern of conduct or habit are numerous enough to base an inference of systematic conduct and to establish one's regular response to a repeated specific situation ... that they are admissible to establish pattern or habit."[11] Because Mueller's proffer failed to establish a basis for the inference that Buscemi had a habit of improperly maintaining this commercial property, it was not an abuse of discretion for the trial court to exclude the eight photographs.

## V. CONCLUSION

The trial court's exclusion of these three classes of evidence was not an abuse of discretion. We AFFIRM the trial court's rulings in all respects.

CARPENETI, Chief Justice, not participating.

---

9. *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 845 (Alaska 2001) (quoting *Farnsworth v. Steiner*, 601 P.2d 266, 271 (Alaska 1979)).

10. We acknowledge that these photographs may have had some impeachment value in light of testimony that the building's maintenance was "far in excess of industry standards," but there was no effort to introduce this evidence for impeachment purposes.

11. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 511 (4th Cir.1977) (internal citations and quotations omitted); *see also Simplex, Inc. v.*

*Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir.1988) ("[B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature."); *Farnsworth v. Steiner*, 601 P.2d 266, 271 (Alaska 1979) (trial court did not abuse discretion by excluding evidence of habit where testimony would have established only that decedent had performed aerobatic maneuvers "on more than one occasion").