James F. RULES, William Rutherford, individually and d/b/a B & W Trucking Co., Appellants,

v.

Lawrence STURN and Linda N. Sturn, Appellees.

No. 6438.

Supreme Court of Alaska.

March 11, 1983.

James R. Slaybaugh, Pletcher, Slaybaugh & Mason, Anchorage, for appellants.

James L. McCarrey, III, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

OPINION

CONNOR, Justice.

This is an appeal from the superior court decision denying the appellants' motion to enter satisfaction of judgment.

James Rules was the operator of a truck which collided with an automobile driven by Linda Sturn. Linda and Lawrence Sturn subsequently filed a claim for personal injuries against Rules and his employer, William Rutherford, the appellants. During the course of the litigation, the parties entered into settlement negotiations. On August 24, 1981, counsel for the Sturns received a written offer of judgment made pursuant to the provisions of Alaska Rule

of Civil Procedure 68.[1] The appellants offered to allow judgment to be entered against them in the amount of $11,000.00 plus prejudgment interest, costs and attorney fees based upon Alaska Rule of Civil Procedure 82. The appellants were served with a written notice of acceptance on August 25, 1981. Prior to the service of this notice counsel for the parties twice discussed the offer of judgment and its terms.

Based upon the written offer of judgment and the written acceptance, the superior court entered a judgment in the amount of $15,927.77. The appellants delivered a check to counsel for the Sturns in the amount of $12,714.67. The appellants had reduced the judgment entered by the superior court by the sum of advance payments they made between 1978 and 1980 to cover the costs of medical treatment for Linda Sturn. The Sturns' counsel rejected the check as payment in full and the Sturns refused to execute a form providing that judgment had been satisfied.

The appellants filed a motion to have satisfaction of judgment entered. After oral argument on the matter, the superior court entered its order denying the motion.

Rules and Rutherford appeal from the superior court order, claiming that they have the right to offset those sums which had been advanced on account of medical treatment rendered to Linda Sturn.

## I

The appellants contend that the advances made between 1978 and 1980 should be credited against the amount of judgment entered by the superior court in order to prevent double recovery by the Sturns. This argument is unpersuasive.

The doctrine prohibiting multiple recovery is relevant only where it is known what amount of money or property constitutes compensation. Compensation places an injured person as nearly as possible in the same position as he was prior to the harm done to him. *See* C.T. McCormick, *Damages* § 137, at 560 (1935); T. Sedgwick, *A Treatise On The Measure of Damages,* at 29 (1972); Restatement (Second) of Torts § 901 comment a (1977). In a particular case, what constitutes compensation is known only after a trial on the merits of the issue.

■ The purpose of Civil Rule 68 is to encourage settlement in civil cases and to avoid protracted litigation. *Continental Insurance Co. v. United States Fidelity & Guaranty Co.,* 552 P.2d 1122, 1125–26 (Alaska 1976). In an attempt to reach a settlement, a defendant is not bound under Civil Rule 68 to make an offer of judgment commensurate with any degree of compensation.

■ Therefore, we find that it makes little sense to speak of multiple recovery since Civil Rule 68 does not place any burden on a defendant to extend an offer of judgment which is related to compensation. Moreover, an amount constituting appropriate compensation has not been determined in this case.

---

1. Alaska Rule of Civil Procedure 68 regarding offers of judgment provides:

   "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability."

## II

The appellants further contend that the Sturns knowingly acceded to an offset for the previous advances.

The affidavits of counsel in this matter reveal that shortly after the offer of judgment was made counsel for the parties discussed the offer on two occasions. On the first of these occasions, counsel discussed what amounts should be added to the offer of judgment for prejudgment interest, costs and attorney fees. The second time counsel discussed the offer of judgment, counsel for the appellants made it clear that the sum total of the offer of judgment was to be reduced by the amount equal to all advance payments made. Counsel for the Sturns did not agree to this proposition. After these discussions the Sturns served on counsel for the appellants a written notice of acceptance of offer of judgment.[2] According to the appellants, the Sturns, having been made aware of the appellants' intent to offset the amount specified in the offer of judgment by the amount of payments already made, gave their assent to the offset when they accepted the offer. We disagree.

The following is the offer of judgment made by the appellants:

"COME NOW defendants James F. Rules and William Rutherford, individually and d/b/a B & W TRUCKING CO., by and through their counsel of record, and do hereby offer to allow judgment to be entered herein for plaintiffs Lawrence S. Sturn and Linda N. Sturn and against defendants in the amount of $11,000.00 to which may then be added appropriate sums for prejudgment interest, costs of suit incurred to date and an attorney's fee based upon Civil Rule 82, Alaska Rules of Court. This offer is made under the terms and provisions of Civil Rule 68, Alaska Rules of Court."

When we view this offer, we find that it specifies a definite sum plus prejudgment interest, costs and Civil Rule 82 attorney fees. The only cause for a misunderstanding lies in the appellants' insisting, after having made the offer, that the offer was subject to being offset.

Two situations would permit us to find that the offer was indeed subject to being offset. The first situation would be that the words in the offer of judgment, when interpreted in light of all the surrounding circumstances, reasonably require such a finding.[3] The second situation would be that, by its terms, the offer set forth above was not subject to being offset but that the original offer was revoked and a new offer made.

As we interpret the offer, we note first that the appellants' offer of judgment mentions nothing about advance payments made or about offsetting them against any part of the offer, and that the offer does not otherwise indicate an intent by the offerors to offset payments already made. We should also mention that the Sturns' notice of acceptance, reproduced at note 2,

---

**2.** The Sturns' notice of acceptance stated:

"COME NOW the plaintiffs, LAWRENCE S. STURN, and LINDA M. [sic] STURN, by and through their attorneys, McCARREY & McCARREY, pursuant to Rule 68 of the Alaska Rules of Civil Procedure and give notice of their acceptance of the defendants [sic] attached Offer of Judgment dated the 20th day of August, 1981, and received by plaintiffs on the 24th day of August, 1981 in the amount of $11,000.00 plus prejudgment interest, costs of suit incurred to date and attorney's fee based upon Civil Rule 82. Calculations of said amount are as follows:

| | |
|---|---|
| $11,000.00 | Principal |
| 2,855.79 | Pre-judgment interest at 8% to July 1, 1980 and 10.5% thereafter |
| $13,855.79 | |
| 1,764.18 | Rule 82 atty fees w/o trial |
| 307.80 | Costs |
| $15,927.77 | Total Judgment, including fees, interests [sic] and costs." |

The record indicates that the parties agreed to the above amounts for interest, cost and attorney fees during counsels' first discussion.

**3.** In *Tsakres v. Owens,* 561 P.2d 1218, 1222 (Alaska 1977), we stated that the interpretation of words in a contract is a matter for the court, while resolution of a dispute as to the surrounding circumstances is for the trier of facts. The facts in the present case are not in dispute.

*supra,* is silent in this regard as well. The appellants argue that it would be unreasonable to find that they overlooked or somehow intended to exclude from the offer these past payments. Under the circumstances we cannot agree. The written offer of judgment was silent as to past payments. The record indicates that the point was not raised during the initial settlement negotiations, nor did the appellants raise the matter at the first opportunity they had after making the offer. The issue was raised only during the second and last discussion of the offer.[4] It does not seem unreasonable to conclude that the appellants either purposely or unintentionally excluded the previous payments made to the Sturns from the calculations leading to their offer. It is a mystery why the offer was silent on this matter and why, if the appellants intended all along to offset the advance payments they had made, they did not actually figure the offset into the numbers while forming their offer. The words in the offer of judgment do not reasonably require the conclusion that it was subject to being offset.

There remains the possibility that the original offer of judgment was revoked and a new offer, subject to offset, was made when counsel for the appellants informed counsel for the Sturns that the advance payments previously made were to be credited against the offer. The possibility raises two questions. First, we need to resolve whether an offer made pursuant to Civil Rule 68 is revocable. Second, we need to resolve whether a Civil Rule 68 offer must be in writing.

■ Taking these questions in reverse order, we find that a Civil Rule 68 offer must be in writing to be valid. This conclusion necessarily follows from the requirement, under Civil Rule 68, that an offer of judgment must be "serve[d]" upon the adverse party. *See* Alaska Rule of Civil Procedure 5(b). Thus, even if the discussions between counsel resulted in a new offer, it was not valid since it was not in writing. This conclusion does not end the matter, however, since the possibility remains that even though a valid new offer was not made, the original offer may have been revoked.

■ Civil Rule 68 is silent as to whether an offer of judgment is revocable. Federal Rule of Civil Procedure 68, which is substantially similar to Alaska's Civil Rule 68, has been described by one member of the original Advisory Committee on Civil Rules as being "like an option that you have for ten days based upon a valuable consideration."[5] *See* M.K. Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?* 19 F.R.D. 401, 403 (1957), *quoting* Judge George Donworth. Judge Donworth continued: "If you have paid for any option, you are entitled to it, and it cannot be withdrawn. The fact that the offer is made under [F.R.C.P. 68] takes out of it the element of gratuity, and gives to it an enforceable legal effect. It is put in there for compliance in accordance with these rules and cannot be withdrawn." *Id.* In other words, an offer for a period of time fixed by rule of law is comparable to an option for a consideration. We concur with this analysis as it applies to Civil Rule 68. The language employed in Civil Rule 68 provides further support for the position we adopt. The second sentence in Civil Rule 68

---

4. It requires stating that appellants' post-offer communication was not effective to change the meaning of the offer. As we explain later, an offer of judgment once made is irrevocable for ten days and is thus much like an option one has paid for. Since this is so the extrinsic circumstances to which one can refer to determine the meaning of the offer should be those existing at the time the offer is made. The offeror cannot make the offer and later be heard to say that term A actually means B, any more than an optionee could sell an option and later make such an assertion before it is exercised. In contrast, where revocable offers are involved, such an assertion before acceptance will either result in A meaning B, if the offeree assents, or in no contract having been formed if the offeree does not assent. Restatement (Second) of Contracts § 201 (1979).

5. Statements on the interpretation of the rules by individual members of the committee are entitled to considerable respect. 4 Wright and Miller, Federal Practice and Procedure § 1029, at 132 (1969).

states without qualification that if the judgment is accepted within 10 days after the service of the offer, either party may then file the offer and notice of acceptance, and the clerk "shall" enter judgment. In our opinion, an offer of judgment made pursuant to Civil Rule 68 is irrevocable for 10 days after it is served on the adverse party. We conclude that any communication by the appellants to the Sturns concerning the right to offset advance payments previously made did not effect a revocation of the appellants' offer of judgment.

Therefore, we AFFIRM.