**Marcel LaPERRIERE and Connie LaPerriere, Appellants,**

v.

**Steven SHRUM and Judith Shrum, Appellees.**

**No. S–993.**

Supreme Court of Alaska.

June 20, 1986.

---

Will Woodell, A. Fred Miller, Ketchikan, for appellants.

Richard L. Yospin, Keene & Currall, Ketchikan, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This case raises the issue whether an offer of judgment made under AS 09.30.-065 included costs and attorney's fees not expressly mentioned in the offer. The offerees filed a written notice of acceptance and moved to enforce the judgment requesting that costs and attorney's fees be awarded in addition to the $10,000 offered. The trial court denied the motion and held that the $10,000 offer of judgment included costs and attorney's fees. We conclude the trial court erred and reverse.

## I. FACTS AND PROCEEDINGS

Steven and Judith Shrum (the Shrums), through their attorney Richard L. Yospin (Yospin), made an offer of judgment for $10,000 pursuant to AS 09.30.065[1] to Mar-

---

1. AS 09.30.065—Offers of Judgment provides: On or before the 60th day following the filing of an answer in a civil action, and on the fifth day following the day discovery closes as ordered by the court, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with cost then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accept-ed, either party may then file the offer and notice of acceptance together with proof of service, and the clerk shall enter judgment. An offer not accepted within 10 days is considered withdrawn and evidence of that offer is not admissible except in a proceeding to determine the form of judgment after verdict. If the judgment finally entered on the claim as to which an offer has been made under this section is not more favorable to the offeree than the offer, the interest awarded under AS 45.45.010(a) and accrued up to the date judgment is entered shall be adjusted as follows:

cel and Connie LaPerriere (the LaPerrieres), through their attorney A. Fred Miller (Miller). A clerk from Yospin's office delivered the offer, dated March 15, 1985, to Miller's court receptacle that same day. It is accepted local practice in Ketchikan to effectuate service of process using the court receptacles. Later in the afternoon on March 15, Yospin informed Miller during a telephone conversation that his clerk had placed an offer of judgment in Miller's court receptacle. They did not discuss the amount of the offer of judgment.

Geoffrey Currall, an attorney in Yospin's office, had discussed the offer of judgment with Yospin shortly after Yospin's first telephone conversation with Miller. Currall had suggested that Yospin redraft the offer to indicate that the $10,000 offer was inclusive of all costs, interest, and attorney's fees. This discussion prompted Yospin to send Nettie Ellis to the courthouse to retrieve the original offer.

Immediately after his conversation with Yospin, Miller spoke briefly by telephone with his client Marcel LaPerriere. He mentioned the offer of judgment but still did not know the dollar amount. Miller then went to the courthouse where he encountered Ellis, a clerk from Yospin's office. Ellis informed Miller that Yospin had sent her to retrieve the offer of judgment from Miller's receptacle. Miller refused her request to retrieve the offer and instructed her to have Yospin call him concerning the matter.

Shortly after returning to his office, Miller received a second telephone call from Yospin. He informed Miller that he had

mistakenly failed to indicate that the amount of $10,000 was inclusive of all costs and attorney's fees. Yospin indicated to Miller that the offer was either revoked or should be interpreted as including all costs and fees. Miller's response was noncommittal; he informed Yospin he would discuss the matter with his client. Immediately after this telephone conversation, Yospin typed a letter to Miller, reiterating what he had just said over the telephone. This letter was hand delivered to Miller's office late in the afternoon on March 15, 1985. Shortly after receiving the letter, Miller informed Yospin he was accepting the offer on behalf of his clients.

The LaPerrieres filed a motion to enforce the offer of judgment for the stated amount of $10,000 plus costs and attorney's fees accrued to date. Superior Court Judge Schulz determined that the offer of judgment was irrevocable for ten days. He held that the $10,000 offer included costs and attorney's fees and was enforceable against the Shrums. Judge Schulz stated in his decision:

> This offer was to enter judgment, have judgment entered against them, entered against the defendants, for $10,000.00, period. It didn't say $10,000.00 plus costs, it didn't say $10,000 plus costs and attorneys fees and pre-judgment interests, it didn't say $10,000.00 plus anything. It said $10,000.00 and the plaintiffs accepted it.

The LaPerrieres appeal the superior court decision. They argue that Alaska Civil Rule 68 [2] is practically identical to AS

---

(1) if the offeree is the party making the claim, the interest rate shall be reduced by two percent a year;

(2) if the offeree is the party defending against the claim, the interest rate shall be increased by two percent a year.

**2.** Alaska Civil Rule 68 provides:

Offer of Judgment.

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If

within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party

09.30.065 and that Alaska cases allowing an award of costs and attorney's fees under Rule 68 apply also to AS 09.30.065. The Shrums counter that the rule and the statute are distinguishable and our case law does not apply.

## II. DISCUSSION

A. Should an offer of judgment pursuant to AS 09.30.065 be construed differently than an offer of judgment made under Alaska Civil Rule 68?

Whether an offer of judgment pursuant to AS 09.30.065 is inclusive or exclusive of costs and attorney fees not mentioned in the offer is an issue of first impression for this court. We have addressed analogous issues in our interpretation of Alaska Civil Rule 68, however, so initially we must decide whether our construction of Rule 68 is applicable to statutory offers of judgment.

■ Alaska Statute 09.30.065 differs from Civil Rule 68 in two respects. First, Rule 68 does not contain the statutory language "to be entered in complete satisfaction of the claim." The Shrums argue that this difference in language indicates that the offeror shall have control over the terms of the offer and that the result achieved would be different from an acceptance of an offer made under Rule 68. The Shrums have not referred to any cases that hold that an acceptance of an offer of judgment under Civil Rule 68 does *not* result in a complete satisfaction of the claim. Furthermore, the legislative history of AS 09.30.065 [3] expressly states: "This Act does not amend Rule 68 of the Alaska Rules of Civil Procedure." Ch. 107, § 5, SLA 1980. We find no inconsistency between the statute and the rule.

The second difference is that AS 09.30.-065 allows a rate of interest adjustment by 2% a year to the prevailing party if the offer is filed within the time constraints set forth in the statute. The Shrums do not argue this language difference has any application to the issue at hand. We find as a matter of law that it does not.

We hold that our case decisions construing Alaska Civil Rule 68 apply also to interpretation of AS 09.30.065 in the instant case.

B. Did the trial court err in not awarding costs and attorney's fees in addition to the principal sum of $10,000 specified in the offer of judgment?

In the case at bar the settlement offer provided:

### OFFER OF JUDGMENT

Pursuant to AS 09.30.065, defendants hereby offer to have judgment entered against them in the amount of Ten Thousand Dollars ($10,000.00).

Dated this 15th day of March, 1985.
KEENE & CURRALL
Attorneys for Defendants ·
By /s/ _____
Richard L. Yospin

Under Alaska Civil Rule 68 when a written notice of acceptance of the offer is served on the offeror, the clerk enters a judgment for the money specified in the offer, i.e., $10,000. In addition to any unconditional offer of money, an award of costs and attorney's fees is mandated by Rule 68 and our case law.

In *Davis v. Chism*, 513 P.2d 475 (Alaska 1973), we observed:

Rule 68 provides that if the offer is accepted, judgment is to be taken against the defendant "for the money ... specified in his offer, *with costs then accrued.*" Rule 68 also provides that after an offer of judgment is accepted and the

to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time

not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

**3.** AS 09.30.065 was originally enacted as AS 45.45.010(i) and was renumbered in 1980 and again in 1983.

offer and notice of acceptance filed, the clerk shall enter judgment. *Since the rule also contemplates that costs which have accrued up until the time of the offer shall be in addition to the amount specified in the offer,* it must be assumed that costs are to be taxed after entry of judgment in the same manner as provided for in Civil Rule 58.

*Id.* at 480 (emphasis added).

[I]t is clear under the federal cases and commentary that an offer of judgment must specify a definite sum and must be unconditional. This is, of course, basic contract law. An offer of judgment and acceptance thereof is a contract. The amount of the offer of judgment must be definite so that it is clear the parties have come to a meeting of the minds on an essential term of the contract.

*Id.* at 481 (footnote omitted).

Once an offer of judgment has been accepted, the trial court should have to make no further determinations that might require extensive factual findings.

*Id.* at 482. And in a footnote, the court explained:

Determination of proper attorney's fees can on occasion require a certain amount of fact finding. Normally the attorney's fees which would be added to the amount of the offer of judgment, as part of the costs, would be computed under Civil Rule 82 on either a noncontested or without trial basis.

*Id.* at 482 n. 6.

In *Rules v. Sturn,* 661 P.2d 615 (Alaska 1983), the facts were similar to the case at bar. There a written offer of judgment under Rule 68 was made for $11,000 plus prejudgment interest, costs, and attorney's fees under Rule 82. A day later the offeror was served with written notice of acceptance by the offeree. However, after service of the offer but before acceptance, both parties had twice discussed orally potential modifications or amendments to the original terms of the offer of judgment.

On the first of these occasions, counsel discussed what amounts should be added to the offer of judgment for prejudgment interest, costs and attorney fees. The second time counsel discussed the offer of judgment, counsel for the appellants made it clear that the sum total of the offer of judgment was to be reduced by the amount equal to all advance payments made. Counsel for the Sturns did not agree to this proposition. After these discussions the Sturns served on counsel for the appellants a written notice of acceptance of offer of judgment.

*Rules* at 617 (footnote omitted). The court then noted in a footnote:

It requires stating that appellant's post-offer communication was not effective to change the meaning of the offer. As we explain later, an offer of judgment once made is irrevocable for ten days and is thus much like an option one has paid for. Since this is so the extrinsic circumstances to which one can refer to determine the meaning of the offer should be those existing at the time the offer is made. The offeror cannot make the offer and later be heard to say that term A actually means B, anymore than an optionee can sell an option and later make an assertion before it is exercised....

*Id.* at 618 n. 4.

In our opinion, an offer of judgment made pursuant to Civil Rule 68 is irrevocable for ten days after it is served on the adverse party. We conclude that any communication by the appellants to the Sturns concerning the right to offset advance payments previously made did not effect a revocation of the appellants' offer of judgment.

*Id.* at 619.

■ The *Davis* and *Rules* cases, *supra,* are dispositive of the issues here. The undisputed facts show that Yospin served on Miller an unconditional offer of $10,000. Neither the parties nor their attorneys communicated *prior to or simultaneously with service* of the written offer of judgment pursuant to AS 09.30.065. At the time service of the offer was completed, the LaPerrieres had an absolute right to accept the offer within (10) days. Miller served a timely written notice of acceptance on Yospin. They formed an enforce-

able contract. Under *Davis*, the superior court should have awarded the LaPerrieres costs and attorney's fees. *See also River Road Const. Co. v. Ring Power Corp.*, 454 So.2d 38, 40–41 (Fla.App.1984).

 Under the *Rules* decision the Shrums' offer was unconditional and irrevocable for (10) days. Thus, oral or written communications between counsel *after service* of the offer of judgment were ineffective to revoke or modify the original offer. An offer of judgment, made under Civil Rule 68 or AS 09.30.065 requires that costs allowable under Rule 79, and attorney's fees on a noncontested or partially contested basis under Rule 82 be awarded in addition to the principal sum of $10,000 specified in this offer. Under the specific factual circumstances of this case, extrinsic evidence of any kind to ascertain the parties' intent or reasonable expectations after service of the offer is impermissible and not relevant.[4] The superior court was mistaken in considering such evidence.

The judgment is REVERSED and the case REMANDED to the superior court for further proceedings in accordance with this opinion.

---

**4.** We have held that although a party's understanding of a contract is probative, "interpretation of words in a contract is a matter for the court." *Hayes v. Xerox Corp.*, 718 P.2d 929, 937 (Alaska, 1986), *citing Tsakres v. Owens*, 561 P.2d 1218, 1222 (Alaska 1977). We have stated that "offer of judgment and acceptance thereof is a contract." *Davis* 513 P.2d at 481.