**Charles G. WHITE, Appellant,**

v.

**Judith HARVEY, Appellee.**

**No. S–8639.**

Supreme Court of Alaska.

May 21, 1999.

Clifford W. Holst, Anchorage, for Appellant.

David F. Leonard, Fairbanks, for Appellee.

Before: MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

The judgment is AFFIRMED for the reasons expressed in Judge Greene's decision set forth in the appendix.[1]

---

**59.** 751 P.2d 1356, 1361 (Alaska 1988) (emphasis added).

**1.** The decision has been edited in conformity with our court's technical standards.

APPENDIX

IN THE SUPERIOR COURT FOR THE
STATE OF ALASKA FOURTH
JUDICIAL DISTRICT

Judith Harvey, Plaintiff,

vs.

Charles G. White, Defendant.

Case No. 4FA–96–2847 CIV

*SUMMARY DECISION AND ORDER*

Judith Harvey has moved to enforce the Offer of Judgment in this case. On November 12, 1997, Charles White sent a Civil Rule 68 offer of judgment to Harvey to settle the action for a judgment in the sum of $10,000 plus costs, pre-judgment interest, and scheduled Civil Rule 82(b)(1) attorney's fees. Harvey accepted the offer of judgment timely by filing it and a Notice of Acceptance on November 20, 1997. A final judgment was entered December 5, 1997, effective November 20, 1997.

The issue now before the court deals with whether White's insurer will pay Harvey the full value of the judgment or whether White's insurer will deduct the subrogated claim of State Farm for approximately $4,000 paid to Harvey for past medical expenses. Certainly, if he had chosen to do so, White could have specifically included the subrogated amount in the offer of judgment. *See Jaso v. McCarthy,* 923 P.2d 795, 802 (Alaska 1996); *Grow v. Ruggles,* 860 P.2d 1225, 1227 (Alaska 1993). However, the offer was silent on the issue of subrogated claims.

In this action Harvey's insurer, State Farm, had told her not to pursue its medical expenses. White requested that Harvey admit that "[she did] not represent the interests of State Farm Insurance Company in this action." Harvey admitted that she did not. She also admitted that she was not "attempting to recover as damages in this action the amount of any medical payments paid by State Farm Insurance Company for medical benefits arising out of the accident." She later supplemented her answers to qualify that she might seek to admit evidence of the expenses paid by State Farm not to claim

them as damages, but "to inform the jury of the circumstances of this case and of proving, among other things, the extent of her personal injury, the likelihood of future medical expenses, and any other damages."

█ Had Harvey not accepted the offer of judgment, and her recovery at trial was less than the offer, she would have faced substantial penalties. *See* Alaska R. Civ. P. 68(b). However, her recovery at trial could not and would not include the medical expenses paid by State Farm. She had made a binding admission that she did not seek those damages; that admission would have been enforced at trial. Since the offer was silent on the claim for State Farm's medical expenses, claims which were not included in the lawsuit, it would be unfair to interpret the offer to include them. Harvey could not use the subrogated claims to show she had beat the Rule 68 offer at trial.

█ Once an offer of judgment is served, the offeror cannot modify the terms of the offer. *See LaPerriere v. Shrum,* 721 P.2d 630, 634–35 (Alaska 1986); *Rules v. Sturm,* 661 P.2d 615, 619 (Alaska 1983). White could not modify the words of the offer after it was made; it was irrevocable for 10 days after it was made. *See id. Rice v. Denley,* 944 P.2d 497 (Alaska 1997), does not compel a different result. In *Rice,* the subrogation claim was mentioned when the settlement was put on the record, and more importantly, *Rice* did not involve a Rule 68 offer of judgment. *Id.* at 499 n. 3.

Accordingly,

IT IS ORDERED that the Motion to Enforce is GRANTED.

DATED this 7th day of April, 1998, at Fairbanks, Alaska.

/s/ Mary E. Greene
Superior Court Judge