*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRANDY WHITTENTON, CHARLES WHITTENTON, and DELILA WHITTENTON, a Minor, | ) ) ) ) | Supreme Court No. S-16285 |
| | ) | Superior Court No. 3VA-14-00054 CI |
| Appellants, | ) ) | O P I N I O N |
| v. | ) ) | No. 7203 – September 22, 2017 |
| PETER PAN SEAFOODS, INC., | ) ) | |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Valdez, Daniel Schally, Judge pro tem.

Appearances: Thomas R. Wickwire, Fairbanks, for Appellants. William H. Ingaldson, Ingaldson Fitzgerald, P.C., Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Bolger, and Carney, Justices. [Maassen, Justice, not participating.]

CARNEY, Justice.

## I.    INTRODUCTION

After a mother and daughter were involved in a car accident, they and the father sued the employer of the other vehicle's driver. The employer made separate offers of judgment to the mother and daughter under Alaska Civil Rule 68, which they rejected. At trial all three plaintiffs were awarded damages. But — with respect to the

mother — the superior court awarded partial attorney's fees to the employer under Rule 68 because the mother's award was less than 95% of the offer made to her.

The mother appeals, arguing that the offer of judgment was not a valid Rule 68 offer and that the superior court wrongly excluded certain costs that, when included, would have led to an award of more than 95% of the offer of judgment. We conclude that the offer of judgment was valid and that the court did not err in excluding costs not covered by Alaska Civil Rule 79 when comparing the offer to the mother's recovery.

## II. FACTS AND PROCEEDINGS

### A. Facts And Pretrial Proceedings

In September 2011, while Brandy and Charles Whittenton and their daughter Delila were on vacation in Valdez, a vehicle driven by a Peter Pan Seafoods employee backed into their vehicle. Only Brandy and Delila were in the vehicle at the time of the collision.

The Whittentons filed suit against Peter Pan in August 2013. Brandy and Delila sought damages for pain and suffering from injuries incurred in the collision. Brandy also sought damages for medical expenses and damage to the vehicle, while Charles sought damages for loss of consortium.

In June 2015 Peter Pan made Alaska Civil Rule 68[1] offers of judgment to

---

[1] Civil Rule 68 provides:

> (a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued. . . .

(continued...)

Brandy and Delila.[2]  Peter Pan separately offered to pay Brandy $23,500 and Delila $2,000, both "inclusive of costs, interest and attorney's fees."  Neither offer was accepted.  The following month the Whittentons amended their complaint to add a new claim for loss of parental consortium on Delila's behalf.

B.     **Trial And Post-Trial Proceedings**

After a trial in October 2015 the jury awarded damages to all three plaintiffs.  Brandy was awarded a total of $15,796.33.  The jury awarded Charles $2,000 and Delila $4,524.  The award to Delila exceeded the offer of judgment made to her.

Peter Pan then moved to be considered the prevailing party for Rule 68 purposes with respect to Brandy's claims.  It argued that Brandy's total recovery, including prejudgment interest, costs, and attorney's fees, was $21,434.70 — less than 95% of the $23,500 offer of judgment — and that it was therefore entitled to 50% of the fees and costs it had incurred after the offer was made.  The Whittentons opposed, arguing that the offer was invalid and that they had incurred additional costs prior to the offer that Peter Pan had not included in its calculation.  This included costs related to two depositions that did not occur as scheduled.  In reply Peter Pan conceded that the

---

[1]     (...continued)
(b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, or, if there are multiple defendants, at least 10 percent less favorable to the offeree than the offer, the offeree, whether the party making the claim or defending against the claim, shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made . . . .

[2]     At oral argument Peter Pan explained that, based on the facts of the case, it had assigned little value to Charles's claim.

Whittentons were entitled to some additional costs, but not enough to beat the offer of judgment.

The superior court first denied Peter Pan's motion, citing *Progressive Corp. v. Peter ex rel Peter*.[3] It ruled that because the offer was addressed only to Brandy, it was "invalid as failing to further the goals of [Rule 68] and AS 09.30.065 because it would not have ended the entire litigation between the parties." Peter Pan moved for reconsideration, arguing that the judge had misinterpreted *Progressive*'s holding. The superior court reconsidered its decision and declared Peter Pan the prevailing party under Rule 68.

The Whittentons filed for reconsideration of the new order, arguing that the Rule 68 comparison could not be made until the clerk ruled on their costs bill and attorney's fees. The superior court denied the motion and awarded Peter Pan attorney's fees and costs. The Whittentons then moved to correct a "clerical mistake," arguing that Peter Pan's motion to be considered the prevailing party had omitted some costs. The Whittentons claimed that they had incurred $2,446.13 in costs before the offer of judgment — $2,290.02 more than Peter Pan had originally calculated — and that those costs all should be added to Brandy's award for comparison with the offer. Peter Pan again conceded that two of the additional cost items, totaling $207.50, should have been included, but argued that the others were not recoverable under Alaska Civil Rule 79. The court ultimately denied the Whittentons' motion except as to the additional $207.50 Peter Pan had conceded; Brandy's total damage award remained less than 95% of the offer of judgment. After subtracting attorney's fees and costs in favor of Peter Pan, Brandy's total recovery was $3,374.68.

The Whittentons appeal.

---

[3]     195 P.3d 1083, 1087 (Alaska 2008).

## III.   STANDARD OF REVIEW

"The interpretation of Rule 68 'is a question of law that [we] review[] de novo, adopting the rule of law that is "most persuasive in light of precedent, policy, and reason." ' "[4] Whether an offer of judgment complies with Rule 68 is also a question of law which we review de novo,[5] because "[a]n offer of judgment and acceptance thereof is a contract."[6]

## IV.   DISCUSSION

Rule 68 is intended "to encourage reasonable settlements and avoid protracted litigation."[7] It allows a party, before trial, to make an offer of judgment to an opposing party "in complete satisfaction of the claim . . . with costs then accrued."[8] If the offer is not accepted and the judgment finally rendered "is at least 5 percent less favorable to the offeree than the offer," the offeree must pay all costs allowed under the Civil Rules and a percentage of "reasonable actual attorney's fees incurred by the offeror from the date the offer was made."[9]

The Whittentons argue that Peter Pan's offer of judgment to Brandy did not satisfy the requirements of Rule 68 because it would not have ended the entire litigation.

---

[4]   *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 597 (Alaska 2005) (quoting *Mackie v. Chizmar*, 965 P.2d 1202, 1204 (Alaska 1998)).

[5]   *See Marshall v. Peter*, 377 P.3d 952, 956 (Alaska 2016) (quoting *Tagaban v. City of Pelican*, 358 P.3d 571, 575 (Alaska 2015)).

[6]   *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 638 (Alaska 2007) (alteration in original) (quoting *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996)).

[7]   *Id.* at 644 (citing *Cook Schuhmann & Groseclose*, 116 P.3d at 598).

[8]   Alaska R. Civ. P. 68(a); *see also* AS 09.30.065(a).

[9]   Alaska R. Civ. P. 68(b).

They also argue that even if the offer was valid, Brandy beat the offer because it should be construed to include all costs incurred, not just costs allowable under Rule 79.[10]

### A.     Peter Pan's Offer Of Judgment Was Valid.

In order to trigger Rule 68 penalties, an unaccepted offer of judgment must "include all claims between the parties and be capable of completely resolving the case by way of a final judgment if accepted."[11]  An offer that addresses only some of a plaintiff's claims would not have that effect and therefore would not satisfy Rule 68.[12] The Whittentons argue that Peter Pan's offer to Brandy was invalid because it would have resolved only her claims and would not have ended the entire litigation.

We have held that unapportioned offers are invalid,[13] as are apportioned offers that are conditioned on joint acceptance by all parties.[14]  But we have also upheld an offer of judgment that made a separate offer to each plaintiff such that one plaintiff

---

[10]     The Whittentons' Statement of Points on Appeal lists other issues that they do not address in their briefs.  These issues are waived. *Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 598 (Alaska 2012) ("[I]ssues not argued in opening appellate briefs are waived." (quoting *Hymes v. DeRamus*, 222 P.3d 874, 887 (Alaska 2010))).

[11]     *Windel v. Mat-Su Title Ins. Agency, Inc.*, 305 P.3d 264, 280 (Alaska 2013) (quoting *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1088 (Alaska 2008)).

[12]     *Progressive*, 195 P.3d at 1088 (holding that an offer of judgment that explicitly excluded one of the plaintiff's claims was not valid for Rule 68 purposes).

[13]     *Windel*, 305 P.3d at 279 n.39 ("[A]n offer of judgment must not be a joint and un-apportioned offer to multiple offerees." (citing *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996))).

[14]     *Hayes v. Xerox Corp.*, 718 P.2d 929, 937-38 (Alaska 1986) (holding that an offer of judgment was not conditional upon joint acceptance and therefore was not invalid on those grounds).

could have accepted an offer while the other went to trial.[15] The Whittentons acknowledge these cases, but they argue that we have applied Rule 68 to require that an offer of judgment must be capable of ending the entire litigation between all parties involved, not merely between the parties to the offer. Because a single offer to multiple parties is barred by our decisions rejecting unapportioned and conditional offers, they argue that Peter Pan was required to make offers to all three plaintiffs.

The Whittentons base their argument on *Windel v. Mat-Su Title Insurance Agency*, which they say held that Rule 68 has a goal "of completely resolving the case."[16] They argue that if we intended to hold that an offer must entirely resolve the claims of only one party to be valid, we would have stated that an offer of judgment must be capable of resolving the *claim*.[17] Because we did not, they argue, *Windel* requires offers of judgment to resolve the entire litigation among all parties. Peter Pan responds that this reading is prevented by other case law and that it would be unreasonable for Rule 68 to require offers to each opposing party, regardless of the strength of their respective claims.

In *Windel* we stated that "an offer of judgment must encompass every claim in the litigation," emphasizing "the requirement that 'an offer of judgment include all claims between the parties and be capable of completely resolving the case by way of a final judgment if accepted.' "[18] *Windel* involved an easement dispute in which the

---

**15** *Id.*

**16** *Windel*, 305 P.3d at 280 (quoting *Progressive*, 195 P.3d at 1088).

**17** *See id.* ("[A]n offer of judgment [must] include all claims between the parties and be capable of completely resolving the *case* by way of a final judgment if accepted." (emphasis added) (quoting *Progressive*, 195 P.3d at 1088)).

**18** *Id.* at 279-80 (quoting *Progressive*, 195 P.3d at 1088).

defendant landowner made an offer of judgment to the plaintiff landowners.[19] The issue before us was whether the offer encompassed additional claims later asserted by both parties.[20] We reiterated only the well-established rule that an offer of judgment must encompass all claims between the parties to the offer.[21] We did not address a situation such as this one: an offeror defendant who was faced with multiple plaintiffs and potential offerees, each of whom brought separate claims.

We agree with Peter Pan's interpretation. Other cases undercut the Whittentons' reading of *Windel* and Rule 68. In *Hayes v. Xerox Corp.* the defendant made an offer of judgment to two plaintiffs.[22] The offer was addressed to both plaintiffs in one document, but it explicitly offered to allow entry of judgment in a separate amount to each individual plaintiff.[23] The superior court concluded that this was not a joint offer and awarded attorney's fees and costs to the defendant under Rule 68.[24] We affirmed,

---

[19]    *Id.* at 267-68.

[20]    *Id.* at 280.

[21]    *Id.*; *see, e.g.*, *Progressive*, 195 P.3d at 1087-88 (holding that an offer of judgment was not valid under Rule 68 because it explicitly excluded one of the causes of action between the two parties and therefore "would not have ended the entire litigation between [them]"); *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 636-37, 640 (Alaska 2007) (indicating that, in a case involving a third-party complaint by the defendant, an offer of judgment was not ambiguous under Rule 68 because it identified the parties involved and "clearly indicated all claims between the parties would be resolved if the offer were accepted" (quoting *John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1042 n.85 (Alaska 2002))).

[22]    718 P.2d 929, 931 (Alaska 1986).

[23]    *Id.* at 936.

[24]    *Id.* at 936-37.

holding that the offer was not joint because it did not require both parties to accept it.[25] The offer was valid for Rule 68 purposes precisely because one plaintiff could accept while the other continued to trial.[26]

Because the language in *Windel* could be interpreted to diverge from our holding in *Hayes*, we now clarify what will trigger Rule 68's penalty. An offer of judgment to one of several opposing parties that would end the entire litigation between the parties to the offer triggers Rule 68 cost penalties against the offeree, regardless of whether other plaintiffs have outstanding claims that may go to trial.[27]

The Whittentons attempt to distinguish *Hayes* based on the high cost of trial on Delila's and Charles's loss of consortium claims. They argue that even if Brandy had accepted the offer, "no trial time or expense would have been saved" because they still would have had to prove her injuries, which underlay Delila's and Charles's claims. They argue that this situation rendered Peter Pan's offer a coercive attempt to force Delila and Charles to abandon their claims and point to our disapproval of potentially abusive offer of judgment tactics in *Progressive*.[28]

But our concern in *Progressive* about the possibility of abuse was based in large part on the risk of plaintiffs potentially having to pay very high Rule 68 fee awards if the offeror's legal argument in that case were adopted.[29] There the defendant insurance

---

[25] *Id.* at 938.

[26] *See id.* at 937-38.

[27] *See Windel v. Mat-Su Title Ins. Agency, Inc.*, 305 P.3d 264, 279-80 (Alaska 2013); *Hayes*, 718 P.2d at 937-38.

[28] 195 P.3d 1083, 1091-92 (Alaska 2008).

[29] *See id.*

company made two offers of judgment to the plaintiff.[30] Then after five years of litigation it made a large payment under the disputed insurance policy.[31] The insurer argued that the payment should not be considered part of the plaintiff's recovery because it was a "voluntary" payment rather than part of a judgment.[32] We held that, under the circumstances, it was not erroneous for the superior court to consider the payment as part of the plaintiff's recovery, in part because of the risk that such payments could be used to abuse Rule 68 and trigger "ruinous penalt[ies]" like the fee award exceeding $622,000 requested there.[33]

But the situation described by the Whittentons here is inherently limited to relatively small potential losses: It relates only to small claims that would not be cost-effective to litigate separately. And their argument that Peter Pan's offer to Brandy would have coerced them into abandoning Delila's and Charles's claims is undercut by Peter Pan's $2,000 offer of judgment to Delila, served on the same date as the offer to Brandy.[34] The Whittentons have not persuaded us of a need to amend our interpretation of Rule 68 based on a risk of coercion under such circumstances.

---

[30] *Id.* at 1086.

[31] *Id.*

[32] *Id.* at 1091.

[33] *Id.* at 1090-92.

[34] The offer was much better than the $524 Delila eventually recovered on the general damages claim it was based on; her overall recovery exceeded the offer based only on the $4,000 she received for loss of parental consortium, but that claim was brought after the offer was made.

## B.    Brandy Did Not Beat The Offer Of Judgment.

To determine whether an offeree beat an offer of judgment, courts are directed to begin with the jury award and add prejudgment interest and costs incurred prior to the offer of judgment.[35]  This sum is compared with the offer of judgment.[36]  Where, as here, there is one defendant, the offeree must pay the offeror's fees and costs if the judgment "is at least 5 percent less favorable to the offeree than the offer."[37]

Peter Pan's offer of judgment to Brandy was for $23,500, including costs, interest, and attorney's fees; 95% of that is $22,325.  The jury awarded Brandy $15,796.33, which increased to at most $21,926.21 when prejudgment interest and costs were included.  The Whittentons argue that the court wrongly excluded some costs and that Brandy beat the offer of judgment when those costs are included.

Rule 68(a) requires a valid offer of judgment to include "costs then accrued."  Unlike Rule 68(b), it does not explicitly state that these costs are the costs allowable under the Civil Rules.  But we have held that an earlier version of Rule 68(a), containing nearly identical language about the content of the offer,[38] required "costs allowable under Rule 79" to be awarded when an offer of judgment did not include them.[39]  This interpretation is consistent with the meaning of costs in Rule 68(b), and the

---

[35]    *Andrus v. Lena*, 975 P.2d 54, 57 n.3 (Alaska 1999) (citing *Farnsworth v. Steiner*, 601 P.2d 266, 269 n.4 (Alaska 1979); Alaska R. Civ. P. 82(b)(1)).

[36]    *Id.* (citing *Farnsworth*, 601 P.2d at 269 n.4; Alaska R. Civ. P. 82(b)(1)).

[37]    Alaska R. Civ. P. 68(b).

[38]    *LaPerriere v. Shrum*, 721 P.2d 630, 632 n.2 (Alaska 1986) (requiring the offer to be "for the money or property or to the effect specified in [the] offer, with costs then accrued" (quoting former Alaska R. Civ. P. 68(a))).

[39]    *Id.* at 635.

Whittentons do not argue that we should change or expand our interpretation of what costs must be included in a valid offer of judgment under Rule 68(a). They instead argue that, whatever Rule 68 might require, Peter Pan's offer included all costs, not only Rule 79 costs.[40]

Because "[a]n offer of judgment and acceptance thereof is a contract,"[41] the terms of the offer of judgment control what the offer includes. Even when an offer is not accepted, we examine it as we would a contract, looking at the text of the agreement and any extrinsic evidence of the parties' intent at the time of the offer to determine its meaning.[42] The offer's terms must be viewed "as a reasonable offeree would have understood them at the time the offer was made."[43] The question is therefore whether a reasonable offeree would have understood Peter Pan's reference to "costs" to mean "all costs" or "costs allowable under Rule 79."

---

[40] The Whittentons also argue that the court erred in excluding the costs of attempting to depose two Peter Pan seasonal employees. Because they make no attempt to argue that these costs, or any of the other costs excluded from the calculations relied on by the superior court, were allowable under Rule 79 and therefore proper to be considered, this argument is abandoned. *Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 598 (Alaska 2012) ("On appeal . . . , the '[f]ailure to argue a point of law constitutes abandonment.' " (alteration in original) (quoting *Smallwood v. Cent. Peninsula Gen. Hosp., Inc.*, 227 P.3d 457, 460 (Alaska 2010))).

[41] *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 638 (Alaska 2007) (alteration in original) (quoting *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996)).

[42] *See Hayes v. Xerox Corp.*, 718 P.2d 929, 937 (Alaska 1986) (citing *Norton v. Herron*, 677 P.2d 877, 880 (Alaska 1984)) (applying this method to unaccepted offers of judgment).

[43] *Thomann v. Fouse*, 93 P.3d 1048, 1050 (Alaska 2004) (citing *Bayly, Martin & Fay, Inc., of Alaska v. Arctic Auto Rental, Inc.*, 517 P.2d 1406, 1407 (Alaska 1974); *Hayes*, 718 P.2d at 937).

The Whittentons do not rely on the contract interpretation approach we have established for determining the meaning of a Rule 68 offer of judgment. Instead they argue that "[i]t would be straining reason to expect Brandy to have understood" the reference to costs to mean only costs allowable under Rule 79. This would be unreasonable, they argue, because in order to evaluate the offer she would have to "try to predict how the Clerk . . . would rule on discretionary items" when applying Rule 79. But the entire exercise of evaluating an offer of judgment involves predicting uncertain future outcomes; the uncertainty around the court clerk's decisions on discretionary costs is no greater than the uncertainty around the amount the jury will award. When faced with an offer of judgment, every offeree must weigh the probability of recovering a greater amount against her own tolerance for risk.[44]

There is no reason to believe that a reasonable offeree would have understood the offer to include all costs. This was a civil case, where cost awards are generally governed by Rule 79.[45] The term "costs" in the offer of judgment context generally refers to allowable costs under the applicable Civil Rules.[46] The Whittentons presented no extrinsic evidence to show that the parties intended to depart from this

---

[44] This type of uncertainty, which is inherent in the process, is different from the ambiguity prohibited in the offer of judgment. *See Pagenkopf*, 165 P.3d at 638 ("In applying Rule 68, we have consistently emphasized that an enforceable offer must be unambiguous . . . ."). Brandy's gain under Peter Pan's offer is not ambiguous; if Brandy had accepted it, she would have received $23,500.

[45] Alaska R. Civ. P. 79 (outlining how a prevailing party is generally entitled to recover certain costs).

[46] Rule 68(b) requires offerees to pay "all costs as allowed under the Civil Rules." *See LaPerriere v. Shrum*, 721 P.2d 630, 635 (Alaska 1986) (holding that "costs allowable under Rule 79" must be awarded in addition to an unconditional offer that did not include costs).

meaning; they focus only on the absence of an explicit reference to Rule 79. Under these circumstances, a reasonable offeree would not have interpreted the offer to include costs beyond those allowed under Rule 79. The offer therefore included only Rule 79 costs.

## V.    CONCLUSION

The judgment of the superior court is AFFIRMED.